POLANCO, DEMANDANTE Y APELANTE, *v.* GOFFINET ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre nulidad de procedimiento ejecutivo hipotecario.

No. 1800.—Resuelto en abril 25, 1918.

PROCEDIMIENTO HIPOTECARIO—RETENCIÓN DEL TODO O PARTE DE LA CANTIDAD—ALEGACIONES.—La retención del todo o una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante, ha de decretarse por el juez en vista de los documentos que se presenten y a él incumbe apreciar si son o no bastantes las razones que se aleguen para obtener la retención.

ID.—ID.—GARANTÍA EXIGIDA POR EL ART. 175 DEL REGLAMENTO HIPOTECARIO.—La previa y bastante garantía a que se alude en el último inciso del art. 175 del Reglamento de la Ley Hipotecaria debe exigirse para responder de los intereses de demora y del resarcimiento de cualesquiera otros daños y perjuicios que puedan ocasionarse al acreedor cuando el deudor no tuviera solvencia notoria y suficiente.

ID.—ID.—INSOLVENCIA DE UN DEUDOR.—Una vez hecha la impugnación de insolvencia de un deudor, no incumbe al acreedor sino al propio deudor justificar ante la autoridad judicial su solvencia notoria y suficiente.

ID.—ID.—FIANZA PARA EMBARGO—DAÑOS Y PERJUICIOS.—No es a precepto alguno de la Ley Hipotecaria sino a la ley de aseguramiento de sentencias de 1902 a que hay que acudir para estimar la procedencia o improcedencia de una fianza para practicar embargo de bienes, cuando se trata de reclamación de daños y perjuicios originados por la promoción del procedimiento ejecutivo sumario y esa ley de 1902 exige para la liberación de la prestación de fianza, que conste en documento auténtico que la obligación es exigible.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sres. Sarmiento, Rodríguez Serra, y Puig.*

Abogado de los apelados: *Sr. Lorenzo Jiménez García.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao presentó José Jacinto Nicolás Polanco en 9 de octubre de 1917 demanda jurada contra August y Constant Goffinet con súplica de que se declarara inefectiva e insubsistente cierta hipoteca constituída por el demandante sobre finca de su propiedad a favor de los demandados y nulo el procedimiento ejecutivo hipotecario promovido por éstos contra aquél en cobro del montante de la hipoteca, condenando además a los demandados al pago de $10,500 en concepto de indemnización de daños y perjuicios causados al demandante en virtud de la ejecución.

Con la anterior demanda radicó José Jacinto Nicolás Polanco en la misma corte una petición de aseguramiento de efectividad de la sentencia que pudiera recaer a su favor, solicitando se dispusiera que en caso de venta judicial de la finca hipotecada en el curso del procedimiento hipotecario retuviera el márshal de la corte la totalidad del precio de la venta y de cualquier otra cantidad que los ejecutantes debieran percibir hasta la terminación del pleito, y además que se embargasen bienes de los demandados hasta la cantidad de $10,500 o en su defecto se les exigiera una buena y suficiente garantía para responder al pago de cualquier sentencia que dictara la corte a favor del demandante.

Es de notar que la indemnización de $10,500 por razón de daños y perjuicios se hace derivar no de la retención del precio de la venta que se obtuviera en el remate de la finca hipotecada, sino de la promoción del procedimiento hipotecario seguido para el cobro de la hipoteca, y que la solicitud de retención y embargo no contiene alegación alguna acerca de que el peticionario tuviera solvencia notoria y suficiente.

La corte por orden de 10 de octubre de 1917 declaró con lugar el aseguramiento de sentencia, ordenando en su consecuencia al márshal la retención y embargo solicitados.

Los demandados, que aún no habían comparecido ante la

corte ni tampoco habían sido emplazados personalmente, comparecieron en 23 de octubre de 1917 y solicitaron se dejara sin efecto la orden de 10 de octubre por haberse dictado sin prestación de fianza alguna que en su día les resarciera de daños y perjuicios, y sin haberse comprobado antes la solvencia del demandante, extremo que ni siquiera fué alegado en la solicitud de aseguramiento y que los demandados niegan por modo absoluto, infringiendo así el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, como también fué infringida al decretarse el embargo por $10,500 la sección 4ª. de la ley especial de aseguramiento de sentencias que sólo libera al solicitante de prestación de fianza cuando consta claramente en documento auténtico que la obligación es exigible, lo que no sucede en el presente caso respecto de los daños y perjuicios reclamados.

Discutida la anterior moción de los demandados la corte resolvió, por orden de 17 de noviembre, 1917, de acuerdo con las partes, que el demandante prestara una fianza de $3,000 para reembolsar a la parte demandada de los daños y perjuicios que se le pudieran ocasionar caso que el pleito se resolviese a su favor, concediendo tres días al demandante para prestar dicha fianza.

En vista de que José Jacinto Nicolás Polanco no había prestado aún en 3 de diciembre de 1917 la fianza ordenada y convenida a pesar de haber transcurrido con exceso el plazo que para ello le fué señalado, y no estando en su ánimo prestar tal fianza según manifestaciones verbales de sus abogados a la representación de los demandados, éstos presentaron escrito en la misma fecha insistiendo en su primera moción de 23 de octubre y solicitando se dejara sin efecto la orden de aseguramiento de sentencia comprensiva de la retención y embargo decretados contra bienes de los demandados.

Esa nueva moción fué discutida ampliamente por las partes y sobre ella dictó resolución la corte en 23 de enero de 1918 declarándola con lugar y dejando sin efecto la retención y embargo ordenados en octubre 10, 1917, a menos que

el demandante preste una fianza de $3,000 para retener la cantidad importe de la venta en el procedimiento de ejecución hipotecaria y de $2,000 para practicar el embargo de los bienes de los demandados.

Esa resolución ha sido apelada por la parte demandante, y para obtener su revocación alega como motivos los siguientes:

1°. Que la corte infringió las disposiciones del artículo 22 del Código de Enjuiciamiento Civil al dar consideración a la moción de los demandados que había sido presentada fuera del término legal.

2°. Que la corte debió desestimar la moción por ser sus fundamentos insuficientes.

3°. Que la corte cometió error al decidir las cuestiones de hecho levantadas en la moción, sin dar a la parte apelante una oportunidad para contradecir con pruebas las imputaciones de los apelados sobre carecer de solvencia notoria y suficiente.

No aparece que la parte apelada levantara en la corte inferior cuestión alguna sobre aplicación del artículo 22 del Código de Enjuiciamiento Civil, tal como quedó enmendado por ley de 8 de marzo de 1905, cuyo artículo concede a los jueces de distrito la facultad de dictar en sus despachos, entre otras órdenes, las encaminadas a asegurar la efectividad de la sentencia, con derecho a la parte o partes agraviadas de oponerse dentro de los cinco días siguientes a la resolución recaída. De todos modos al discutirse la moción de los demandados de 23 de octubre de 1917 para que se dejara sin efecto la orden de aseguramiento de sentencia del día 10 del propio mes, la parte apelante estuvo conforme y convino en prestar una fianza de $3,000 para reembolsar a los demandados de los daños y perjuicios que se les pudieran causar, caso que el pleito se resolviese a su favor. El demandante no cumplió ese convenio y hoy no puede pretender se prive a los demandados de insistir en que se deje sin efecto la expresada orden de aseguramiento de sentencia.

La Corte de Distrito de Humacao procedió con razón derecha al dictar la resolución apelada de 23 de enero de 1918, pues esa resolución se ajusta a los preceptos del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, que en la parte atinente dice así:

"Al tiempo de interponerse la demanda (sobre nulidad del título o de las actuaciones del procedimiento sumario para, el cobro del crédito hipotecario) o durante el curso del pleito podrá solicitarse que se asegure la efectividad de la sentencia, con retención del todo o una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante. El juez decretará esta retención en vista de los documentos que se presenten, si estima bastantes las razones que se aleguen * * *. Si el que solicitare esta medida no tuviere solvencia notoria y suficiente, el juez deberá exigirle previa y bastante garantía para responder de los intereses de demora y del resarcimiento de cualesquiera otros daños y perjuicios que puedan ocasionarse al acreedor."

Como se ve, la retención del todo o una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante, ha de decretarse por el juez en vista de los documentos que se presenten y a él incumbe apreciar si son o no bastantes las razones que se aleguen para obtener la retención. La previa y bastante garantía a que se alude en el último inciso del precepto legal transcrito debe exigirse para responder de los intereses de demora y del resarcimiento de cualesquiera otros daños y perjuicios que puedan ocasionarse al acreedor cuando el deudor no tuviere solvencia notoria y suficiente. La solvencia notoria y suficiente de José Jacinto Nicolás Polanco que él ni siquiera alegó ha sido impugnada por los acreedores demandados y el deudor Polanco ha tenido oportunidad al discutirse la moción para demostrar su solvencia notoria y suficiente. No aprovechó esa oportunidad y hoy no puede quejarse de que la corte de Humacao apreciando dentro de sus facultades que no tenía solvencia notoria y suficiente le exigiera fianza de $3,000 para obtener la retención.

Ciertamente que en la orden de octubre 10, 1917, se decretó el aseguramiento de sentencia sin exigirse fianza alguna, pero esa orden fué dictada sin audiencia de los demandados que aún no habían comparecido en el juicio y antes que fuera impugnada la solvencia del deudor Polanco. Una vez hecha la impugnación no incumbía al acreedor sino al deudor justificar ante la autoridad judicial su solvencia notoria y suficiente.

Para estimar la procedencia o improcedencia de la fianza de $2,000 para practicar el embargo de bienes de los demandados, no debemos acudir a precepto alguno de la Ley Hipotecaria sino a la ley de aseguramiento de sentencias aprobada en marzo 1°. de 1902, puesto que se trata de reclamación de daños y perjuicios no originados con motivo de la retención de que se trata como hemos dicho antes, sino por la promoción del procedimiento ejecutivo sumario iniciado por August y Constant Goffinet contra Polanco, calculados en $10,500. Esa ley libera al solicitante de la prestación de fianza si consta claramente en documento auténtico que la obligación es exigible, y la obligación de daños y perjuicios que se reclama no consta en documento auténtico ni tampoco ha sido confesada por los demandados. Su existencia y cuantía será apreciada en su día por el tribunal.

Para que el aseguramiento de sentencia pueda decretarse sin fianza, es necesario que aparezca claramente de documento auténtico que la obligación es exigible, lo que quiere decir no sólo que los documentos en que se base la petición sean auténticos, sino también que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse. *Avalo* v. *Porrata et al.,* 19 D. P. R. 20. Esos requisitos no se llenan en el presente caso.

Por las razones expuestas es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.