## EL PUEBLO, DEMANDANTE Y APELADO, v. ACEVEDO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por abandono de menores.

No. 1691.—Resuelto en abril 5, 1921.

SOBRESEIMIENTO DEL PROCESO—TÉRMINO PARA LA CELEBRACIÓN DE JUICIOS CRIMINA-LES—JUICIO RÁPIDO.—De acuerdo con el No. 2 del artículo 448 del Código de Enjuiciamiento Criminal, el término de ciento veinte días dentro del cual ha de celebrarse el juicio de un acusado no puede contarse a partir de otra fecha que no sea la de la presentación de la acusación.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. S. García Ducós y J. B. Soto.

Abogado del apelado: Sr. José E. Figueras, Fiscal.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En el recurso de apelación interpuesto por el apelante León Acevedo contra la sentencia condenatoria dictada contra él por la Corte de Distrito de Aguadilla alega como primer motivo de error el de haber negado la corte inferior su petición de sobreseimiento en esta causa hecha de acuerdo con el artículo 448 No. 2°. del Código de Enjuiciamiento Criminal, por no haber celebrado el juicio dentro de los ciento veinte días siguientes a la presentación de la acusación, sin que hubiera sido suspendido a petición suya, según comprobaba con una declaración jurada que presentó. El fiscal de aquella corte se opuso a esa petición sin que de la transcripción que tenemos ante nosotros aparezca que alegara razón alguna para su oposición y la corte negó la pretensión del apelante fundándose en que dicho término de ciento veinte días debía contarse desde que el acusado solicitó ser juzgado por un jurado.

El término de ciento veinte días dentro del cual ha de celebrarse el juicio de una persona acusada de delito tiene

que contarse, según dispone el No. 2°. del artículo 448 citado, desde que se presenta la acusación, por lo que no estaba autorizada la corte inferior para contarlo desde otra fecha, cometiendo así el error que le atribuyen el apelante y el fiscal de este Tribunal Supremo; y de conformidad con la doctrina sentada en el caso de *Dyer* v. *Rossy*, 23 D. P. R. 762, debemos revocar la sentencia apelada y dictar otra sobreseyendo esta causa de acuerdo con el No. 2°. del artículo 448 del Código de Enjuiciamiento Criminal.

*Revocada la sentencia apelada y sobreseída la causa.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.