El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.

---

Paz, Demandante y Apelante, *v.* Bonet, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización (incidente de embargo).

No. 2694.—Resuelto en julio 20, 1922.

Aseguramiento de Sentencia — Levantamiento de Embargo — Fianza Personal.—Sean muebles o inmuebles los bienes embargados para aseguramiento de sentencia, la parte contra quien se decretó el embargo puede levantarlo mediante prestación de fianza personal buena y suficiente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Benet & Souffront.*

Abogado del apelado: *Sr. A. A. Vázquez.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Dictada sentencia en contra del demandado el 30 de septiembre de 1921, por la suma de $987, el demandante, al apelar el demandado, pidió y obtuvo el aseguramiento de la misma, embargándose al efecto varios condominios en fincas rústicas y dos fincas pertenecientes al demandado. Así las cosas, el 19 de enero de 1922 el demandado presentó una moción a la corte de distrito alegando que los bienes embargados valían $13,000 y que deseaba afianzar, con buenos fiadores, el pago de la sentencia a fin de que la corte ordenara el levantamiento del embargo. La corte oyó a ambas partes y finalmente, el 14 de febrero último, resolvió el caso así:

"* * * declara con lugar dicha moción, y en su consecuencia ordena que se deje sin efecto el embargo trabado en este caso en bienes del demandado' y que se cancele la anotación practicada en el

registro de la propiedad, previa prestación de una fianza por la suma
de un mil quinientos dólares ($1,500) debiendo el demandado servir
una copia de la misma al demandante a fin de que con conocimiento
de la misma pueda impugnarla si le conviniere, y que una vez firme
esta orden y aprobada la fianza que se preste por la corte, el secre-
tario libre los correspondientes mandamientos para el cumplimiento
de lo que en esta orden se dispone.''

No conforme el demandante apeló para ante este tribunal
y en su alegato sostiene, después de transcribir las secciones
9 y 10 de la Ley sobre Aseguramiento de Sentencias de 1902,
lo que sigue:

"''Es indudable que en dicha ley para asegurar la efectividad de
sentencias al incluir la forma en que se podía dejar sin efecto el
embargo trabado sobre bienes muebles en su sección décima, no ha-
biéndolo hecho en cuanto a los bienes inmuebles en su sección novena
ni en ningún otro apartado de dicha ley con relación a la misma,
se excluyó la posibilidad legal de que el embargo de bienes inmue-
bles pudiera levantarse mediante la prestación de una fianza, y mucho
menos después de haberse dictado una sentencia en contra del de-
mandado.''

Procede luego en su alegato el apelante a estudiar los
riesgos de las fianzas personales y concluye que la intención
del legislador no pudo ser la de comprender en la regla con-
tenida en la sección quince de la indicada ley, los embargos
trabados sobre bienes inmuebles.

Dicha sección 15 dice así:

"''Sección 15.—El pago, consignación o afianzamiento de las sumas
reclamadas al demandado, suspenderá el embargo decretado para se-
guridad de dichas sumas, o dejará sin efecto el embargo ya prac-
ticado.''

Basta leerla para comprender que es general y por tanto
aplicable a toda clase de embargos. La prescripción conte-
nida en la sección diez tiene un propósito distinto. Se re-
fiere al depósito y enajenación en su caso de los bienes em-
bargados.

Estamos conformes con el apelante en mucho de lo que dice con respecto a las fianzas personales, pero la ley las reconoce y es necesario admitirlas. La parte interesada puede investigar la suficiencia de los fiadores e impugnarla. La corte seguramente atenderá sus justas reclamaciones en el sentido de que la sustitución no lo despoje de un derecho adquirido. Pero el propósito de la ley es garantizar la efectividad de la sentencia que pueda dictarse o que se haya dictado tomando en consideración los intereses de ambas partes. Los hechos de este caso ilustran la necesidad de la disposición legal contenida en el artículo 15. Se trata de una sentencia de cerca de mil dólares. En uso de su legítimo derecho el demandado apeló. También en uso de su legítimo derecho el demandante pidió el aseguramiento sin fianza. Lo obtuvo y se embargaron cinco condominios y dos fincas pertenecientes al demandado, valorado todo en trece mil dólares. La apelación pudo dilatarse seis meses, un año, dos. ¿Sería justo que tal embargo, que podría producir el efecto de impedir al demandado disponer libremente de sus bienes, subsistiera, cuando el demandado por otros medios menos onerosos podría garantizar debidamente el pago de la sentencia? Una respuesta negativa se impone, a nuestro juicio.

Atendido el criterio que sustentamos, se hace innecesario decidir la moción de desestimación presentada por la parte apelada.

Debe declararse sin lugar el recurso y confirmarse la orden recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.