La Sucesión de Juan Bautista Dragoni, compuesta de su Viuda Margarita Pellicia y sus hijos Magdalena, Ana, Lucía, Teresa, María-Antonia, Silvestre y Pablo Dragoni y Pellicia, demandante y apelante, *v.* María Dragoni y Dragoni, demandada y apelada.

No. 5238.—*Sometido:* Marzo 3, 1930. *Resuelto:* Marzo 21, 1930.

*José A.* y *Alberto S. Poventud* y *Francisco Parra,* abogados de la ape-
lante; *Tous Soto & Zapater,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del
tribunal.

Se nos pide que desestimemos la apelación interpuesta en
este caso alegando que la resolución contra la cual se ha
establecido el recurso no es apelable.

██ La parte demandante solicitó y obtuvo de la corte
inferior orden para el embargo de bienes de la demandada
para asegurar la efectividad de la sentencia que se dictase.
Después de trabado el embargo solicitó la demandada que
fuese levantado previa prestación de la fianza que fijase la
corte; y ésta accedió a esta petición y fijó la cuantía de la
fianza que para tal fin debía ser prestada. De esta resolución
es que apela la demandante y alega en oposición a la moción
de desestimación de su apelación, que ésta se halla autorizada
por el No. 3º. del artículo 295 del Código de Enjuiciamiento
Civil porque la orden recurrida anula la que decretó el em-
bargo.

La resolución apelada no anula la orden decretando el
embargo pues lo que hace la corte es permitir la substitución
de los bienes embargados por una fianza para responder del
valor de ellos; y porque no anula la orden de embargo es
por lo que decreta dicha substitución, ya que si la resolución
anulara la orden de embargo entonces los bienes quedarían
libres de traba alguna sin prestación de fianza como conse-
cuencia directa y necesaria de haber sido declarada nula la
orden de embargo. La corte no ha anulado su orden de
embargo y queda subsistente, a tal punto que los demandantes
podrían obtener con ella que fuesen embargados otros bienes
de los demandados, si los anteriormente embargados cuya
substitución por fianza se ha permitido, no fueran suficientes
para asegurar la efectividad de la sentencia que recaiga.

 La sección 15 de la ley para asegurar la efecti-

vidad de las sentencias dispone que el pago, consignación o afianzamiento de las sumas reclamadas suspenderá el embargo decretado para la seguridad de dichas sumas, o dejará sin efecto el embargo ya practicado. En este caso por el afianzamiento se deja sin efecto el embargo practicado, lo que no significa que quede anulada la orden de embargo. Una petición como la que se hizo en este caso fundada en que tales bienes sean substituídos por una fianza no impugna la validez del decreto de embargo y una orden permitiendo tal substitución no anula la primitiva orden de embargo y la deja subsistente. Por todo esto es que la resolución apelada no cae dentro de la provisión del No. 3º. del artículo 295 del Código de Enjuiciamiento Civil que permite apelación de una orden por la que la corte anula o se niega a anular una orden de embargo, y por esto no es apelable la resolución en este caso.

Los casos citados por la apelante no son de aplicación al que resolvemos por lo siguiente: el de *Paz* v. *Bonet,* 31 D.P. R. 68, porque no se resolvió en él la cuestión de si una orden levantando un embargo es apelable o no y, sin duda, por los hechos de ese caso prefirió esta corte considerar el recurso y confirmar la orden levantando el embargo sin decidir la desestimación que se había solicitado; el de *Polanco* v. *Goffinet,* 26 D.P.R. 323, porque en él la corte anuló el embargo trabado por no haberse prestado fianza para el mismo; el de *Avalo* v. *Porrata,* 19 D.P.R. 20, por igual motivo que el anterior; y el de *Roig* v. *Landráu,* 29 D.P.R. 314, porque también en él se trataba de apelación contra resolución de la corte que dejó sin efecto su orden de embargo, por tanto, anulándola. Los casos de *Iron Works* v. *Puterbough,* 101 Cal. 583, y de *Iron Works* v. *Trust,* 122 Cal. 94, tampoco son aplicables, porque en ellos no se trataba de substituir los bienes embargados por una fianza sino de anulación de los embargos trabados.

*La apelación debe ser desestimada.*