AVALO, APELANTE, *v.* PORRATA ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 881.—Resuelto en enero 22, 1913.

ASEGURAMIENTO DE SENTENCIA—EMBARGO SIN FIANZA—DOCUMENTO AUTÉNTICO—OBLIGACIÓN EXIGIBLE.—Para que pueda decretarse un embargo sin fianza para aseguramiento de la efectividad de la sentencia, es necesario que aparezca claramente del documento auténtico que la obligación es exigible, lo que quiere decir, no sólo que los documentos en que se base la petición sean auténticos, sino también, que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse.

ID.—EMBARGO SIN FIANZA.—Los documentos presentados no llenan los requisitos expresados en el párrafo anterior.

Los hechos están expresados en la opinión.

Abogados del apelante: Sr. J. R. F. *Savage* y H. H. *Scoville.*

Abogados de los apelados: Sres. José A. *Poventud* y Horacio S. *Belaval.*

Abogado de Clotilde Veve: Sr. José de *Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El presente recurso de apelación fué establecido por Don José Avalo Sánchez contra la resolución de la Corte de Distrito de San Juan, Sección 1ª., de 27 de noviembre de 1911, por la que dejó sin efecto el aseguramiento de sentencia que sin prestación de fianza había ordenado anteriormente en

pleito que en cobro de cantidad presentó el apelante contra Doña María Joaquina Porrata Doria y otros, como herederos de Doña María Díaz, viuda de Veve.

Al mismo tiempo que el apelante radicaba su demanda, presentó una moción de aseguramiento de sentencia en la que pidió que se decretara sin fianza en consideración a los documentos que a ella acompañó. La cuestión, pues, a resolver en el presente recurso es si, cual alega el apelante y demandante, tiene derecho a que se decrete en su pleito un aseguramiento de sentencia contra bienes de los demandados, sin necesidad de que preste fianza.

Según la ley para asegurar la efectividad de sentencia de 1°. de marzo de 1902, sección 369 de los Estatutos Revisados, toda persona que demandare en juicio el cumplimiento de una obligación podrá obtener una resolución del tribunal que conoce de la demanda adoptando las medidas procedentes, según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada; y según la sección 372, si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza; de modo que para que pueda decretarse sin fianza, es necesario que claramente conste en un documento auténtico que la obligación es exigible y, por tanto, hemos de considerar si estos requisitos aparecen cumplidos de los documentos presentados por el demandante con su moción de aseguramiento de sentencia.

Siete documentos presentó el demandante a la consideración de la corte inferior con objeto de obtener el aseguramiento sin fianza, siendo el primero de ellos una certificación expedida en 7 de mayo de 1898 por Don Germán Jiménez Bacelga, Secretario de la Sección 2ª. de la Audiencia Territorial y librada con referencia a algunas actuaciones comprendidas en la causa criminal No. 179 seguida en el Juzgado de Instrucción de Humacao, por robo de cañas y otros objetos, contra Don Juan Vaamonde López y otros, y en ella se inserta un escrito que en 18 de junio de 1893 presentaron en

dicha causa Don Juan Vaamonde López como apoderado de Doña María Díaz y Siaca, viuda de Veve, y Don Miguel Correa y Lassala, depositario administrador judicial de los bienes del concurso necesario de acreedores de Don José Avalo Sánchez, y en el cual expusieron en sustancia, que por consecuencia de la posesión dada al Sr. Vaamonde a nombre de su poderdante de la hacienda Bello Sitio y sus pertenencias, por adjudicación que se le hizo en ejecutivo que se siguiera contra el concursado Señor Avalo Sánchez, surgieron dificultades entre los comparecientes, que fueron subsanadas más tarde, otorgándose al efecto un contrato que dice insertar íntegramente, por el cual el Sr. Vaamonde como tal apoderado y el Señor Correa en su carácter de depositario, acordaron que el primero devolvería al segundo varias cuerdas de tierra que describen; se compromete a no hacer reclamaciones por diez y siete cuerdas que faltan en la Hacienda Bello Sitio y, además, a que pagará el importe de ciertas cañas y desperfectos, con arreglo a tasación que hagan los peritos Don Eduardo y Don Domingo Rivera Siaca; y por su parte, el segundo quedó obligado mientras fuera depositario a no perseguir con marcada insistencia al Señor Vaamonde, para evitar que éste sea procesado, acordando, además, que si los peritos nombrados no quisieran aceptar su comisión, se someterían en un todo a las personas que designe el Juzgado. En dicho escrito se consigna, además, que habían convenido en prorrogar el pago del importe de las cañas hasta que la Señora viuda de Veve fuese puesta definitivamente en posesión de la Hacienda Bello Sitio por mandato expreso de juez o tribunal competente, para que de ese modo no pudiese ser molestada por ninguna clase de incidentes que nacieran dentro del juicio necesario de acreedores en que se encuentra el Sr. Avalo Sánchez y que tal prórroga fué concedida por el Sr. Correa a condición de que se pagase por el capital el interés del 1½ por ciento mensual; pero que suscitadas nuevas dificultades con motivo de las cañas que existían sembradas en el fundo Bello Sitio, rematada y adjudicada a la Señora viuda de Vevé, fueron tasa-

das éstas por los peritos Juan Lavaggi y Benigno de Santiago, nombrados por el juzgado. Su tasación fué rectificada ampliándola a dos cosechas sucesivas y por ello se ha convenido nuevamente entre los comparecientes que el importe de las doscientas cuerdas de cañas que el Señor Arruza tenía sembradas en dicha Hacienda Bello Sitio será satisfecho a Don José Avalo Sánchez por la Señora viuda de Veve, dos años después de vencido el plazo señalado para el pago del importe de las cuerdas de tierra a que ya se ha hecho referencia, con más los intereses del 6 por ciento anual, y que si por cualquier circunstancia la Señora viuda de Veve dejase de efectuar el pago oportunamente, desde ese día satisfará el 1 por ciento de interés mensual por los $33,000 e intereses a que ascienda el total de la deuda en ese entonces.

De la propia certificación aparece que el mismo día en que se presentó esé escrito fué ratificado por el Señor Vaamonde y por Don Miguel Correa.

El segundo documento es una certificación librada por Don José E. Figueras como Secretario de la Corte de Distrito de San Juan, con fecha 7 de enero de 1905, de la que aparece en la parte transcrita en la exposición del caso, y sin que sepamos a qué actuaciones se refiere, pues dice que "de la segunda pieza de la mencionada causa criminal," sin decir cuál es, que los peritos Don Eduardo y Don Domingo Rivera emitieron dictamen en 14 de marzo de 1893 con referencia a las piezas de caña que Don José Avalo Sánchez tenía sembradas desde el año 1890 en la estancia que compró a Don Andrés Avelino Sauri, determinando los nombres de varias parcelas y dando como total de esa tasación, por cañas y un estiércol, la cantidad de $35,800. En la misma certificación se consigna que los peritos carpinteros Don Manuel Brito y Don José Concepción Mercado valoraron los daños causados en los edificios enclavados en las referidas estancias en la cantidad de $4,200.

El documento No. 3 es una certificación expedida por Don Luis Méndez Vaz como Secretario de la Corte de Distrito del

Distrito Judicial de San Juan, con fecha 17 de diciembre de 1904, con referencia a ciertos folios de la causa criminal número 179 del Juzgado de Humacao contra Juan Vaamonde y otros por robo de cañas, y también de otros de la primera pieza del juicio declarativo de mayor cuantía seguido por Don José Avalo Sánchez contra Doña María Díaz viuda de Veve, sobre cancelación de hipoteca y devolución de la Hacienda Bello Sitio y de ella aparece, también en extracto, que Don José Palacios, Procurador de la Señora viuda de Veve, compareció ante la Sala en el rollo de dicha causa con un escrito cuyo propósito es el de aclarar ciertos extremos expuestos por el procurador de Don Miguel Correa, administrador judicial del concurso de Avalo Sánchez, en un escrito que presentó al tribunal. En tal escrito del Procurador Palacios, se consignó que en 30 de octubre de 1891 se dió posesión a la Señora viuda de Veve de la Hacienda Bello Sitio; que debido a un error involuntario, el Señor Vaamonde, apoderado de dicha señora, se posesionó también de otros cuatro predios de terreno existentes en el centro de la hacienda mencionada y de edificios y piezas de cañas que no habían sido objeto de ejecución por parte de dicha señora; que Don Miguel Correa, depositario de los bienes del concurso de Avalo Sánchez, denunció el hecho al Juzgado quien ordenó la instrucción del sumario; que aclarado el error por las partes interesadas, la Señora Viuda de Veve ordenó a su apoderado la entrega a Correa del terreno indicado y se comprometió, además, a pagar el importe de las cañas y de los demás objetos de que ya había dispuesto, después que se llenasen por Correa ciertas condiciones que la doña María creyó necesarias a su derecho, las que constan en documentos y declaraciones obrantes en el sumario; que a pesar de eso, el depositario pretendió renunciar al cargo y ausentarse de la isla llevándose algunos miles de pesos de Doña María Díaz y que, como ésta se ha negado a facilitárselos, el tal Correa ha comparecido ante la Sala con un escrito lleno de injurias; que no debe dudar Correa que desde el momento en que la señora viuda de Veve se comprometió

al pago del importe del daño causado por su apoderado
Vaamonde, el acto de éste fué una simple falta y que como su
representada Doña María Díaz viuda de Veve no ha faltado
al compromiso hecho de pagar el importe de las cañas y
demás objetos tomados por su apoderado, tal y como fué
pactado entre ambos, ratifica ese compromiso.  También in-
serta esa certificación un escrito del Señor Correa de 22 de
mayo de 1893 en el que hace referencia al contrato de 27 de
junio de 1892 celebrado con el apoderado de la Señora viuda
de Veve; a que le ha reclamado, el pago convenido, al que se
negó manifestando no debía hacerlo hasta que no se terminara
la causa criminal en que se comparece y se alzase en el con-
curso la ocupación de la Hacienda Bello Sitio, y que el depo-
sitario, en su deseo de evitar nuevas cuestiones, ha convenido
con la deudora, en presencia del Señor Vaamonde y de Don
Ramón Ortiz, que el contrato se reformaría en cuanto al pago
en la forma por ella solicitada, siempre que se comprometiese
a pagar además del capital el interés del 6 por ciento anual
desde el 1°. de enero de 1892; que lo convenido fué que el
día en que se termine el sumario y viuda de Veve se encuentre
en posesión de la Hacienda Bello Sitio por mandato expreso
de juez o tribunal competente, y no por otra circunstancia
cualquiera, el día último del mes en que este segundo extremo
se halle cumplido, aunque no lo estuviere el primero, la señora
viuda de Veve pagará el importe de las cañas y demás objetos
con arreglo a la tasación hecha ya; y por ello concluyó
suplicando se citara a la señora viuda de Veve para ratificar
el convenio o compromiso de pagar el valor de las cañas y
demás objetos correspondientes, con arreglo al justiprecio de
que ha hecho mención.  En 22 de mayo de 1893 y después de
prestar juramento ratificó Don Miguel Correa el anterior es-
crito y en 25 de mayo de 1893 hizo lo propio y en igual forma
la señora viuda de Veve.  En el mismo día Don Juan Vaa-
monde y Don Ramón Ortiz testificaron haber presenciado el
convenio.

El otro particular expuesto en esa certificación, con referencia al juicio declarativo, es una esquela firmada Sánchez y dirigida a un tal Andreu, en que se le pregunta si hay conformidad en el peso de 56 bocoyes de azúcar así como en el galonaje de 22 cascos de miel, y la contestación de igual fecha de Andreu a Sánchez, de que no podía dar la nota que se le pedía hasta que se revisen los bocoyes. Además contiene una declaración de Doña María Díaz, viuda de Veve, de fecha 11 de noviembre de 1891 ante el Juez Municipal suplente de Fajardo, con referencia a ciertos pagarés.

El documento número 4 es una certificación de la resolución dictada por este Tribunal Supremo declarando con lugar un recurso de *certiorari* establecido en el concurso de acreedores de José Avalo Sánchez, contra la Sucesión de María Díaz, viuda de Veve, y alzando, además, la ocupación de los bienes decretada en el concurso, los que deben quedar a disposición del señor Avalo Sánchez, con excepción de la Hacienda Bello Sitio.

El documento número 5 es una certificación de la solicitud del auto de *certiorari* presentada al Tribunal Supremo por la Sucesión de Doña María Díaz, viuda de Veve, que motivó la precedente resolución.

Los documentos 6 y 7 son el testamento de la Señora viuda de Veve y declaratoria de herederos de algunos de sus sucesores.

Al discutirse la oposición hecha por algunos de los demandos a que subsistiera la orden de aseguramiento de sentencia sin fianza, presentó el demandante otros dos documentos, siendo el primero de ellos una certificación de ciertos particulares del concurso necesario de acreedores de Don José Avalo Sánchez y con referencia a un escrito obrante en el mismo, en el que Don Miguel Correa, depositario de los bienes del concurso, manifestó que oportunamente había dado cuenta al juzgado de entorpecimientos para administrar los bienes que le fueron entregados y de la solución que con la Señora viuda de Veve había encontrado, que originó un con-

trato de fecha 27 de junio de 1892 por el que se estipuló que el importe de las cañas sustraídas por Don Juan Vaamonde sería pagado tan luego como fuera conocido su valor, para lo que designaron peritos; que llegado al momento de efectuar el pago, lo cual tenía que hacerse al Juzgado, la deudora pidió prórroga que le fué concedida a condición de pagar el interés legal; que más tarde se ratificó todo ya en debida forma en la causa criminal y sólo quedó pendiente de arreglo en ese entonces las cañas que la señora viuda de Veve tomó de la Hacienda Bello Sitio; que valoradas ellas por peritos designados por el juzgado, quedó arreglado todo por medio de convenio ratificado ante el juzgado, estipulándose que el importe de las mencionadas cañas sería satisfecho por la Señora viuda de Veve con sus intereses, dos años después de vencido el plazo que se fijó para la deuda anterior, o sea para el pago de las cañas, edificios y demás objetos tomados de la estancia Sauri; que como estima conveniente que conste en los autos con todos sus pormenores, acompañaba certificación respecto de esos particulares. En 29 de julio de 1893 se resolvió por el juzgado tener por hechos y aprobados todos los actos y contratos realizados hasta ese día por el depositario Correa con la Señora Doña María Díaz.

El otro documento es una copia notarial del poder otorgado por Doña María Díaz, viuda de Veve, en 9 de julio de 1884 a favor de Don Juan Vaamonde López.

Hemos hecho solamente un extracto conciso de esos documentos porque es suficiente para resolver la única cuestión que ahora tenemos sometida a nuestra consideración, cual es, la de si el juez de la corte inferior procedió correctamente en su resolución de 27 de noviembre de 1911 al dejar sin efecto su otra orden de 11 de mayo de 1911 por la que decretó el aseguramiento sin fianza.

Las partes en este recurso, especialmente las demandadas, han planteado innumerables cuestiones de que nosotros podemos en este momento prescindir, porque principalmente se refieren a las que ha de resolver la sentencia definitiva que

se dicte en el pleito, y como ahora sólo tenemos ante nosotros el incidente de aseguramiento, ese punto único resolveremos.

Como antes hemos dicho, para que el aseguramiento de sentencia pueda decretarse sin fianza, es necesario que aparezca claramente de documento auténtico que la obligación es exigible, lo que quiere decir no sólo que los documentos en que se base la petición sean auténticos, sino también que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse.

En el caso presente, la naturaleza de los documentos presentados, el contenido de los mismos y los distintos hechos expuestos en ellos, demuestran que no cumplen el precepto de la ley de que claramente aparezca en documento auténtico la existencia de la obligación reclamada y que es exigible, pues para llegar a esta conclusión sería necesario al juez relacionar unos con otros los distintos actos expresados en esos documentos y sus fechas, así como el valor y alcance de las certificaciones mencionadas, trabajo propio para la sentencia del pleito, pero no para un aseguramiento de sentencia.

Como los documentos presentados por el demandante no demuestran claramente, a primera vista, la obligación reclamada, sin que esto quiera significar que carece de derecho para un fallo definitivo a su favor, no cometió error el juez inferior en la resolución recurrida, la que debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.