Roig, Demandante y Apelante, *v.* Landrau, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2340.—Resuelto en abril 7, 1921.

Aseguramiento de Sentencia sin Fianza—Obligación que no Consta Claramente en Documento Público.—Cuando si bien el origen de la obligación que se reclama consta en documento auténtico, la cuantía de la reclamación depende de cálculos y liquidaciones no constantes de tal modo, el aseguramiento de la sentencia que pueda dictarse en el pleito no debe decretarse sin fianza.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Ruíz de Val* y *F. González.*

Abogados del apelado: *Sres. E. Campillo* y *J. Martínez Dávila.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La cuestión envuelta en este caso es la de si procede o

no procede decretar el aseguramiento de la sentencia sin
fianza.

Manuel Roig demandó a Pablo Landrau en cobro de
$7,713.03, intereses y costas. Según la demanda el deman-
dante subarrendó al demandado una finca rústica y le vendió
la plantación de cañas en ella existente calculada en 46,500
quintales, comprometiéndose el demandado a moler las cañas
en la "Central Vannina" bajo la base de siete y medio por
ciento de azúcar por cada quintal de caña, siendo el precio
de venta de dichas cañas el que tuviera el azúcar en el mer-
cado de 1920 según se fuera liquidando por la central en la
forma establecida por la costumbre. Alega el demandante
que recibió el importe de 36,520 quintales y 20 libras de caña
liquidado por la central y que el resto de la caña vendida
calculada a $17.80 quintal de azúcar según la última liqui-
dación de la Vannina, valía $13,323.03 de los cuales sólo ha
recibido del demandado $5,610.00, quedando por consiguiente
un saldo a su favor de $7,713.03, que es el que reclama en
su demanda.

Acompañó el demandante a su demanda la escritura pú-
blica creditiva del contrato celebrado, y basándose en que
constaba en tal documento auténtico el contrato, pidió a la
corte que decretara sin fianza el embargo de bienes del de-
mandado para asegurar la efectividad de la sentencia que
pudiera dictarse. La corte accedió. Compareció entonces el
demandado y alegó que no constando de la escritura que el
demandado debiera al demandante $7,713.03, ya que el con-
trato quedaba sujeto a condiciones futuras y liquidaciones,
no debió haberse decretado el aseguramiento sin fianza. La
corte dejó sin efecto su orden de embargo y el demandante
interpuso entonces el presente recurso de apelación.

A nuestro juicio la corte de distrito interpretó rectamente
la sección 4 de la ley para asegurar la efectividad de sen-
tencias de 1902, que dispone que si consta claramente en

documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza y que en cualquier otro caso exigirá fianza para decretarlo.

Es verdad que el contrato celebrado se hizo constar en un documento público, pero la cantidad reclamada si bien emana de o tiene su base en dicho contrato, depende de datos, cálculos y liquidaciones que no constan en forma auténtica alguna. Y siendo ello así, la aplicación de la ley hecha finalmente por la corte de distrito, se ajusta a su espíritu. De otro modo sería suficiente que la base de una obligación cuyo desarrollo y extensión dependiera de hechos ulteriores, constara en escritura pública, para decretar sin fianza el embargo de bienes del obligado por una cuantía que dependería de la simple alegación, ni siquiera jurada, como en este caso, del demandante.

Aunque los hechos no son iguales, es conveniente citar la doctrina establecida en el caso de *Avalo* v. *Porrata,* 19 D. P. R. 20 y ratificada en el de *Polanco* v. *Goffinet et al.,* 26 D. P. R. 323, 328, a saber:

"Para que pueda decretarse un embargo sin fianza para aseguramiento de la efectividad de la sentencia, es necesario que aparezca claramente del documento auténtico que la obligación es exigible, lo que quiere decir, no sólo que los documentos en que se basa la petición sean auténticos, sino también, que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse."

Por virtud de lo expuesto, debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.