CAROLINA FABELO, como Tutora de JUANA MARTÍN FABELO, demandante y apelada, *v.* ANDRÉS QUINTANA REYES, ENRIQUE RINCÓN y MARTÍN BORGES, el primero y segundo por sí y como fiadores de la Sociedad Civil QUINTANA & BORGES, y el último por sí y como socio de la misma, demandados y apelantes.

No. 6305.—*Sometido:* Junio 21, 1934. *Resuelto:* Junio 26, 1934.

*R. Padró Parés,* abogado de los apelantes; *Pedro G. Quiñones,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La única cuestión envuelta en este caso es la de si la Corte de Distrito de San Juan actuó de acuerdo con los hechos y la ley al decretar como decretó sin fianza el aseguramiento de la sentencia que pudiera dictarse.

En la demanda se ejercitan tres causas de acción. Por la primera se reclaman mil dólares como valor razonable de cierto *truck,* por la segunda dos mil más por el uso del mismo y por la tercera quinientos quince por las costas, gastos y honorarios incurridos por la demandante en el pleito que contra ella se siguiera en relación con dicho *truck.*

Se solicitó el aseguramiento de la sentencia que pudiera dictarse y la corte lo decretó, como hemos dicho, sin fianza. Pidió su nulidad el demandado y la corte la negó por resolución fundada que, en parte, dice:

"La acción establecida en el caso No. 1182 era sobre entrega de bienes muebles que alegaban los allí demandantes haber comprado a los demandados, y que según aparece de los autos de dicho caso 1182, dichos bienes muebles, o sea, un autocamión, fué entregado a los allí demandantes mediante fianza que presentaron de acuerdo con el art. 173 del Código de Enjuiciamiento Civil.

"La Corte declaró sin lugar la demanda por los fundamentos de su opinión unida a los autos y que se hizo formar parte de la sentencia. En la opinión que sirvió de base y se hizo formar parte de la sentencia la corte dijo lo siguiente:

" 'La prueba ha demostrado que el *truck* "Day Elder," licencia No. II–204 de que se trata, era en 23 de marzo de 1926, de la propiedad de la demandada, Juana Martín, y lo tenía inscrito a su nombre en el Departamento del Interior, siendo el otro demandado, Rafael Porras, su administrador para las negociaciones y arrendamiento de dicho vehículo; no habiéndose probado, a satisfacción de la corte, como alegan los demandantes, que los demandados viven en concubinato como marido y mujer.'

"Aunque la sentencia no ordenó que el *truck* fuese devuelto a la demandada, Juana Martín, como dispone el Art. 173 del Código de Enjuiciamiento Civil, no hay duda alguna que habiéndose declarado sin lugar la demanda o habiéndose entregado el *truck* a los entonces demandantes, mediante fianza que prestaron de acuerdo con el Art. 173 antes citado, una vez dictada sentencia en su contra, surgió la

obligación por parte de los entonces demandantes de devolver el *truck* en cuestión a su dueña, declarada por sentencia, Juana Martín.

"Siendo la relación del caso y opinión parte de la sentencia en el caso No. 1182, la corte entiende que la sentencia en dicho caso constituye un documento auténtico suficiente para decretar el embargo sin fianza como se decretó en este caso con fecha 7 de diciembre último."

No conforme el demandado Andrés Quintana Reyes, interpuso el presente recurso de apelación señalando en su alegato la comisión de tres errores que pueden argumentarse conjuntamente.

La ley aplicable y la jurisprudencia son bien conocidas.

La primera está contenida especialmente en la sección 4 de la Ley para Asegurar la Efectividad de Sentencias en la parte en que dice:

"Si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza." Código de Enjuiciamiento Civil, Ed. 1933, p. 98.

Y la jurisprudencia ha sido establecida en repetidas decisiones de este tribunal. Citaremos una de ellas, *Avalo* v. *Porrata, et al.,* 19 D.P.R. 20, en la que se resolvió, copiando del resumen:

"Para que pueda decretarse un embargo sin fianza para aseguramiento de la efectividad de la sentencia, es necesario que aparezca claramente del documento auténtico que la obligación es exigible, lo que quiere decir, no sólo que los documentos en que se basa la petición sean auténticos, sino también, que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse."

Admite el apelante que la sentencia que tuvo en cuenta la corte de distrito es un documento auténtico, pero sostiene que de ella no surge que las cantidades reclamadas sean exigibles, porque se limitó a declarar la demanda sin lugar, con costas.

Si la sentencia no estuviera explicada por la relación del caso y opinión que es parte de la misma, tendría razón el

apelante. Pero estándolo como lo está, no erró la corte sentenciadora al actuar en la forma en que lo hizo.

Es cierto que el exacto valor del *truck* está sujeto a ser fijado a virtud de las alegaciones y las pruebas, lo mismo que la suma reclamada por concepto del uso del mismo, y que las costas quizá estén abiertas a discusión, pero ello no quiere decir que las obligaciones reclamadas no surjan de documentos auténticos como lo son la sentencia y la fianza de que se trata y que no sean exigibles.

*Debe declararse el recurso sin lugar y confirmarse la resolución apelada.*