BLANCO FRESNO & CÍA., S. EN C., demandante y apelada, *v.* ROYAL INSURANCE Co., demandada y apelada; PORTO RICAN & AMERICAN INSURANCE Co., interventora y apelante. BLANCO FRESNO & CÍA., S. EN C., demandante y apelada, *v.* WESTERN ASSURANCE Co., demandada; y PORTO RICAN & AMERICAN INSURANCE Co., interventora y apelante.

Nos. 6155 y 6156.—*Sometidos:* Junio 23, 1933. *Resueltos:* Julio 24, 1934.

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González*, abogados de las apelantes; *A. García Ducós*, abogado de las demandantes apeladas; *José Sabater*, abogado de la demandada apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Royal Insurance Co. y la Western Assurance Co. expidieron pólizas de seguro contra incendio a favor de García Hnos. Después de un incendio en que fué destruída alguna propiedad de García Hnos., Blanco Fresno & Cía. adquirió los derechos bajo las pólizas e inició pleito contra la Royal Insurance Co. y la Western Assurance Co. Los casos fueron vistos conjuntamente en la Corte de Distrito de Aguadilla y se dictó sentencia a favor de las demandadas, las respectivas compañías de seguro. Las sentencias incluían un pronunciamiento de costas.

Después de este pronunciamiento, las demandadas victoriosas trataron de obtener y obtuvieron, respectivamente, un embargo contra Blanco Fresno. & Cía para asegurar las sentencias en favor de las ameritadas compañías. La Corte de Distrito de Aguadilla libró el embargo sin fianza. En gran parte el caso gira sobre el derecho, bajo las circunstancias, a obtener un embargo sin fianza. La propiedad de Blanco Fresco & Cía. fué realmente embargada para asegurar la efectividad de las sentencias. Para eximir de responsabilidad los bienes embargados, Blanco Fresno & Cía. acudió a la corte y ofreció una fianza. Ésta fué aceptada

por la corte y en cada caso la fiadora fué la Porto Rican & American Insurance Co. Las sentencias existentes a favor de las compañías de seguro fueron apeladas y confirmadas por la Corte Suprema de Puerto Rico. Entonces las demandadas, o sea, las ameritadas compañías de seguro, presentaron un memorándum de costas; la Royal Insurance Co. por la suma de $2,091.75 y la Western Assurance Co. por la suma de $2,011.75.

Entonces la apelante, Porto Rican & American Insurance Co., radicó una moción solicitando permiso para intervenir a fin de protegerse contra el pronunciamiento de costas. La Corte de Distrito de Aguadilla declaró sin lugar la moción, pero permitió que la Porto Rican & American Insurance Co. fuera oída como *amicus curiae*. Esta última apeló en cada caso de la resolución declarando sin lugar la moción para intervenir.

■■ Asumiendo por el momento que la Corte de Distrito de Aguadilla estuviese equivocada al negarse a permitir la intervención y que también lo estuviera al resolver que la Porto Rican & American Insurance Co. estaba impedida de plantear cualquier cuestión respecto de la suficiencia de la fianza, la verdadera cuestión de importancia a discutir en el presente caso es la suficiencia de dicha fianza.

Hasta el 13 de abril de 1916 las secciones 3 y 4 de la Ley para asegurar la efectividad de sentencias (Estatutos Revisados de 1911, pág. 884) leían como sigue:

"Sección 3.—Ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda, y de la solicitud de aseguramiento, con expresión de sus fundamentos de hecho y de derecho. La solicitud de aseguramiento podrá presentarse con la demanda o luego de interpuesta, en cualquier período del juicio, antes de sentencia firme.

"Sección 4.—Si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza. En cualquier otro caso, exigirá fianza para decretarlo. La fianza que al efecto se prestare, responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento."

Hasta entonces fué claro que la única forma en que podía decretarse un embargo sin prestación de fianza era cuando la obligación legal surgía de un documento auténtico. Dejaremos a un lado por el momento si para aquella época una sentencia de una corte de distrito podía considerarse como tal documento auténtico.

Lo cierto es, sin embargo, que en 1916 (Leyes de ese año, pág. 79) la sección 3 de la "Ley para asegurar la efectividad de sentencias", fué enmendada para que lea como sigue:

"Ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda y de la solicitud de aseguramiento. La solicitud de aseguramiento podrá presentarse con la demanda o luego de interpuesta, en cualquier período del juicio, antes o después de la sentencia. Si el aseguramiento se solicitare después de pronunciada sentencia no se exigirá fianza."

La intención de la legislatura quedó así claramente consignada al efecto de que después de sentencia podía obtenerse un embargo sin fianza. La sección 4 debe entenderse en el sentido de que se refiere a casos distintos a aquellos en que se ha obtenido una sentencia.

Empero, creemos que una sentencia es un documento auténtico dentro del significado de la sección 4, supra. El hecho de que la cuantía de la sentencia sea indeterminada no puede afectar la exigibilidad de la fianza, toda vez que la fijación de la misma caía dentro de la discreción de la corte y no era una cuestión *in pais*. Esa fué la opinión de este tribunal en el caso de *Carolina Fabelo* v. *Andrés Quintana Reyes et al.*, ante, pág. 71.

■■ La Corte de Distrito de Aguadilla también resolvió que como mediante la prestación de la fianza la Porto Rican & American Insurance Co. había logrado que la propiedad fuese exonerada de responsabilidad, ella estaba impedida de suscitar cualquier cuestión sobre la suficiencia del embargo sin fianza. Creemos que la corte tenía razón. Asumiendo que la fianza fuera insuficiente en el momento

de su otorgamiento, la única persona con derecho a impugnar la suficiencia del embargo era Blanco Fresno & Cía., demandante y parte perdidosa en el caso principal. En ningún momento dicha demandante atacó la suficiencia del embargo. La Porto Rican & American Insurance Co. en aquel momento era un verdadero extraño al litigio, y el mero hecho de que prestara fianza para eximir los bienes de responsabilidad no le dió el derecho a impugnar el embargo.

Nos inclinamos a creer que el embargo librado en este caso bajo cualesquiera condiciones no podía ser enteramente nulo, sino meramente anulable, y anulable a instancias de Blanco Fresno & Cía. Por ende, cuando la Porto Rican & American Insurance Co. logró, mediante su fianza, que los bienes quedaran exentos de responsabilidad, la corte estuvo enteramente justificada al considerar a dicha apelante impedida por sus propios actos.

La fianza no debe interpretarse en el sentido de hacer la situación de los acreedores por sentencia peor de lo que lo era antes de prestarse la misma. Aún bajo este aspecto del caso el ataque que trataba de efectuar la supuesta interventora se hizo demasiado tarde.

■ Entramos ahora a considerar la cuestión relativa al derecho de la Porto Rican & American Insurance Co. a intervenir después de dictarse sentencia. El artículo 72 del Código de Enjuiciamiento Civil por sus propios términos limita el derecho a intervenir a un período anterior al pronunciamiento de la sentencia. Nos inclinamos a creer que la corte inferior estuvo acertada al resolver que debía seguirse la letra de la ley. La corte decidió que las costas eran un mero incidente de la sentencia. La apelante insiste en que el procedimiento para obtener costas es similar a un juicio de por sí. Sin embargo, la corte indica que la apelante siempre podía tener su día en corte al iniciarse el pleito para recobrar de la fianza. Como existe la posibilidad de que el artículo 72 pueda ser interpretado tal cual la

apelante sostiene, no cerraremos las puertas absolutamente a una intervención en algún caso futuro.

Empero, discrecionalmente, en vista de las cuestiones que hemos discutido, y quizá por otras, la corte inferior estaba enteramente acertada al negarse a permitir a la Porto Rican & American Insurance Company que interviniera.

*Las resoluciones apeladas deben ser confirmadas.*