CRUZ PÉREZ, demandante y apelado, *v.* SANTINI FERTILIZER Co. y THE NATIONAL SURETY Co., demandadas y apelante la última.

Núm. 7468.—*Sometido:* Enero 21, 1938. *Resuelto:* Julio 13, 1938.

*Besosa & Besosa,* abogados de la apelante; *Arturo Aponte,* abogado del apelado; *R. Buscaglia,* abogado de Santini Fertilizer Co., demandada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Este recurso gira sobre la aplicación de la Sección 4 de la Ley de marzo 1, 1902, pág. 178, intitulada "Ley para asegurar la efectividad de sentencias." Dicha sección dispone:

"Sección 4.—Si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza. En cualquier otro caso, exigirá fianza para decretarlo. La fianza que al efecto se prestare, responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento." (Estatutos Revisados de 1911, pág. 885.)

El "aseguramiento" a que se refiere dicha sección es el proceso de embargo.

Las partes más o menos admiten que la Santini Fertilizer Co. originalmente radicó un pleito (Núm. 4721 de la Corte de Distrito de San Juan) contra Cruz Pérez, el ahora apelado, para recobrar cierta suma de dinero. Con el propósito de asegurar la efectividad de la sentencia se embargaron cuantiosos bienes (finca de caña) del demandado y se prestaron fianzas por la demandante en las sumas de $2,000 y $10,000, respectivamente, sirviendo de fiadora la National Surety Co., la cual es ahora apelante. Luego se prestó una fianza adicional de $7,000 para asegurar el fiel desempeño de los deberes de un administrador judicial, Agustín Andino, nombrado dentro del mismo procedimiento para que administrara la propiedad embargada mientras durara el litigio, también con la National Surety Co. como fiadora.

Luego de un traslado la Corte de Distrito de Humacao dictó sentencia en favor del demandado, Cruz Pérez, sin las costas, cuya sentencia se convirtió en firme cuando la apelación de la misma fué desestimada por esta corte. *Santini Fertilizer Co.* v. *Pérez,* 43 D.P.R. 42.

Algún tiempo después, a saber, en diciembre 31, 1932, Cruz Pérez demandó a la Santini Fertilizer Co. y la National Surety Co. para recobrar daños y perjuicios como resultado del embargo y la administración judicial, los cuales el deman-

dante alegaba ascendían a $19,000. Para asegurar la efectividad de la sentencia que pudiese recaer en su favor Pérez solicitó se embargaran suficientes bienes de los demandados para responder de su reclamación. En su moción, el demandante pidió que el embargo se expidiese sin fianza, fundándose en el caso de *Fabelo, etc.* v. *Quintana,* 47 D.P.R. 71. La corte concedió el embargo sin fianza y la National Surety Co., cuya propiedad había sido específicamente embargada, radicó una moción para que se levantara el embargo, basada en que el caso citado era inaplicable y que se debió haber exigido la prestación de una fianza. Se apela de la denegación de esta última moción.

La única cuestión ante nosotros es si los hechos de este caso sostienen la conclusión de la corte inferior al efecto de que "consta claramente en documento auténtico que la obligación es exigible."

El punto no es enteramente nuevo en esta jurisdicción. Los siguientes casos han tratado sobre la misma situación en general: *Avalo* v. *Porrata* (2 decisiones) 19 D.P.R. 20 y 29; *Polanco* v. *Goffinet,* 26 D.P.R. 323; *Roig* v. *Landráu,* 29 D.P.R. 315; *Bonilla* v. *Santiago,* 30 D.P.R. 246, 248; *Benítez* v. *Benítez,* 34 D.P.R. 222; *Fabelo, etc.* v. *Quintana,* 47 D.P.R. 71; *Blanco Fresno & Co.* v. *Royal Ins. Co. et al.,* 47 D.P R. 277.

En el primero de los casos de *Avalo,* supra, esta corte dijo, a la pág. 28:

"Como antes hemos dicho, para que el aseguramiento de sentencia pueda decretarse sin fianza, es necesario que aparezca claramente de documento auténtico que la obligación es exigible, lo que quiere decir no sólo que los documentos en que se base la petición sean auténticos, sino también que fácilmente, sin gran dificultad, pueda el juez venir en conocimiento de que realmente la obligación existe y puede reclamarse."

Los dos casos que en nuestra opinión tienen alguna relación con el presente son los de *Roig* v. *Landráu* y *Fabelo* v. *Quintana Reyes,* supra. Tanto el apelado como la corte inferior descansan en el caso de Fabelo.

En este último caso Quintana Reyes había demandado originalmente a Fabelo para recobrar la posesión de un autocamión que Quintana alegaba le había sido previamente vendido. Después de prestar una fianza de acuerdo con la sección 173 del Código de Enjuiciamiento Civil, obtuvo la entrega de dicho camión. Posteriormente se dictó sentencia en contra de Quintana, con costas. Carolina Fabelo entonces instó demanda contra Quintana alegando tres causas de acción, a saber: (*a*) reclamando $1,000 como el valor del camión, (*b*) reclamando $2,000 por la pérdida del uso del mismo, y (*c*) reclamando $515 por costas y honorarios de abogado incurridos en defenderse del pleito original. La controversia en apelación fué si ella tenía derecho a un embargo sin fianza. Al confirmar la resolución de la corte inferior que había concedido dicho privilegio, esta corte dijo:

"Admite el apelante que la sentencia que tuvo en cuenta la corte de distrito es un documento auténtico, pero sostiene que de ella no surge que las cantidades reclamadas sean exigibles porque se limitó a declarar la demanda sin lugar, con costas.

"Si la sentencia no estuviera explicada por la relación del caso y opinión que es parte de la misma, tendría razón el apelante. Pero estándolo como lo está no erró la corte sentenciadora al actuar en la forma en que lo hizo.

"Es cierto que el exacto valor del *truck* está sujeto a ser fijado a virtud de las alegaciones y las pruebas, lo mismo que la suma reclamada por concepto del uso del mismo, y que las costas quizá estén abiertas a discusión, pero ello no quiere decir que las obligaciones reclamadas no surjan de documentos auténticos como lo son la sentencia y la fianza de que se trata y que no sean exigibles."

El caso de *Roig* v. *Landráu* fué uno en que Roig subarrendó una propiedad inmueble a Landráu y también le vendió la caña sembrada en dicho terreno a un precio que debía medirse por el que Landráu recibiese en pago de dicha caña de cierta central azucarera. Todo el contrato fué incorporado en una escritura notarial. Luego Roig trajo una acción contra Landráu alegando que éste aún le debía $7,713.03 como resultado de la recolección de dicha caña.

Trató de embargar propiedad del demandado sin fianza y la corte le negó tal derecho. En apelación esta corte resolvió:

"Es verdad que el contrato celebrado se hizo constar en un documento público, pero la cantidad reclamada si bien emana de o tiene su base en dicho contrato, depende de datos, cálculos y liquidaciones que no constan en forma auténtica alguna. Y siendo ello así, la aplicación de la ley hecha finalmente por la corte de distrito, se ajusta a su espíritu. De otro modo sería suficiente que la base de una obligación cuyo *desarrollo y extensión* dependiera de hechos ulteriores, constara en escritura pública, para decretar sin fianza el embargo de bienes del obligado por una cuantía que dependería de la simple alegación, ni siquiera jurada, como en este caso, del demandante." (Itálicas nuestras.)

La Ley de Enjuiciamiento Civil española bajo el título de "Embargos Preventivos" disponía en su artículo 1400 que antes de que se permitiese un embargo era necesario que el demandante acompañase su solicitud con un documento demostrativo de la existencia de una deuda y que el deudor fuese o extranjero o residiera fuera de España o hubiese desaparecido de su residencia bajo condiciones especiales. Se desprende que bajo la disposición arriba expuesta solamente aquellos títulos que llevaran aparejado el llamado derecho de ejecución le permitirían embargar sin fianza. Entre estos títulos se encontraban: escrituras notariales, documentos privados reconocidos bajo juramento ante un juez competente o una deuda confesada ante él, letras de cambio bajo circunstancias específicas, obligaciones vencidas pagaderas al portador, etc. Véase Manresa, Comentarios al Código de Enjuiciamiento Civil español, volumen 5, pág. 375 *et seq.* y 430 *et seq.* De los comentarios citados parece que bajo el procedimiento español embargos preventivos para asegurar la efectividad de sentencias solamente procedían en acciones para cobrar una deuda y en esos casos exclusivamente cuando la deuda constase en un documento escrito. Pág. 379, supra.

Es difícil encontrar jurisprudencia en los Estados Unidos porque pocos de los estados, de haberlos, tienen estatutos que

permitan embargo antes de sentencia. Podemos presumir, por lo tanto, que nuestra legislación ha sido modelada de acuerdo con lo que sugiere la ley española. Aplicando el procedimiento peninsular parecería que la frase "si consta claramente en documento auténtico que la obligación es exigible" de nuestro estatuto, se refiere a. "el título o documento que tenga aparejada ejecución," que se define por la sección 1429 de la Ley de Enjuiciamiento Civil española y a la cual ya nos hemos referido.

Sin embargo, existen varias diferencias en nuestra legislación actual. Mientras el Código Español requería que la acción fuese en cobro de deuda, nuestro estatuto no ha limitado así el campo. Cuanto requiere es que conste en documento auténtico que la obligación es exigible. No se define expresamente la clase de obligación.

¿Era la obligación bajo las fianzas, en un caso que había progresado hasta donde ha llegado el presente, la clase de obligación que tuvo por mira nuestro estatuto? La National Surety Co. se había obligado auténticamente a pagar aquellos daños, de haberlos, que fuesen incurridos por el demandado como resultado del embargo, pero dicha obligación dependía necesariamente para su exigibilidad de la existencia material de dichos daños. No puede presumirse legalmente la existencia de daños excepto quizá en ciertas circunstancias. En el caso de Fabelo los hechos que dieron lugar a la acción de la demandante ya habían transcurrido. El autocamión le había sido quitado a la demandada bajo una fianza que expresamente obligaba al demandante a devolver el mismo o su valor, las costas ya habían sido incurridas por ella y se le habían concedido por sentencia y ella había sido privada del uso del autocamión. Todo eso aparecía de la sentencia y opinión de la corte sentenciadora. Ellos eran hechos indiscutibles que automáticamente crearon la obligación y su exigibilidad.

En el presente caso dos pasos tienen que preceder el derecho a exigir el cumplimiento de la obligación bajo la fianza.

Uno es la decisión judicial al efecto de que existen daños y el otro es la determinación de su cuantía. Bajo el caso de Fabelo el último carece de importancia, pero el primero debe siempre demostrarse.

*Somos de opinión, por lo tanto, que la resolución de la Corte de Distrito de Humacao de diciembre 7, 1936, debe ser revocada y la orden de la misma corte de fecha 14 de diciembre de 1935, decretando el embargo sin fianza, debe ser anulada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor De Jesús no intervino.