GRACIANO ARCHILLA, JR., peticionario y apelante, EX PARTE; MARIANA MATOS VDA. DE ARCHILLA, ETC., opositores y apelados.

Núm. 9106.—*Sometido:* Enero 16, 1946. *Resuelto:* Febrero 28, 1946.

*Francisco Vizcarrondo,* abogado del apelante; *Angel Rivera Colón,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

El apelante solicitó de la corte inferior decretara la administración judicial de los bienes de un finado, alegando ser acreedor con título escrito no asegurado. La corte declaró sin lugar la solicitud, por entender que el crédito del apelante no surgía de título escrito.

El artículo 556 del Código de Enjuiciamiento Civil dispone que la administración judicial de bienes de un finado procede, entre otros casos, a solicitud de un "acreedor con título escrito no asegurado que tuviere algún crédito contra la persona finada". La única cuestión envuelta en esta apelación es si el apelante demostró ser acreedor con título escrito.

El título en que amparó el apelante su solicitud es una escritura en la cual el finado le confirió poder especial para administrar una finca. Alega el apelante que se dedica a la agricultura, y que de hecho, administró la finca a que se re-

. fiere el poder, y otra más, por varios años, y que el finado convino en pagarle $1,200 al año por la administración de ambas fincas.

Asumiendo la certeza de los hechos alegados, el apelante resulta acreedor de los herederos del finado. Pero su crédito no aparece de título escrito. De la escritura de poder especial para administrar una de las dos fincas, único escrito que ofrece el apelante, no consta que se conviniera remuneración alguna por la administración. Arguye el apelante que la remuneración se presume, de acuerdo con el artículo 1602 del Código Civil (Ed. 1930), por ser él agricultor. Pero es que de la escritura no aparece que el apelante sea agricultor. Por último, no aparece de la escritura que el apelante administrara la finca. El que una persona haya facultado a otra para hacer algo no demuestra necesariamente que el apoderado actuara. Es muy frecuente el que se otorgue una escritura de poder sin que el apoderado tenga ocasión, por alguna razón, o por otra, de hacer uso de los poderes otorgados.

En resumen, de una lectura de la escritura de poder en que basa el apelante su solicitud no se desprende que a él se le adeude nada. Para establecer la deuda depende el apelante de prueba testifical. Siendo ello así, no procede la administración judicial de bienes al amparo del artículo 556 del Código de Enjuiciamiento Civil, ya que no es el apelante acreedor con título escrito. Véase *Sabater* v. *Escudero,* 23 D.P.R. 854 y *Roig* v. *Landrán,* 29 D.P.R. 315.

*Debe confirmarse la resolución apelada.*