THE SPECIALTY SHOP FOR AUTOMOBILES, PETICIONARIA, *v.* BENÍTEZ FLORES, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Primera.

No. 315.—Resuelto en marzo 29, 1921.

ASEGURAMIENTO DE SENTENCIA SIN FIANZA—APELACIONES PROCEDENTES DE CORTES MUNICIPALES.—Una vez que se ha radicado en la corte de distrito una apelación procedente de la corte municipal, la sentencia apelada deja de existir, por cuya razón el demandante no tiene derecho a obtener de la corte de distrito, un decreto de aseguramiento de sentencia sin fianza invocando para ello el precepto contenido en la sección primera de la Ley No. 27 de abril 13, 1916, de que "si el aseguramiento de sentencia se solicitare después de pronunciada sentencia no se exigirá fianza."

ID.—ASEGURAMIENTO DESPUÉS DE DICTADA LA SENTENCIA.—Para que el aseguramiento solicitado después de pronunciada sentencia pueda decretarse sin fianza es requisito indispensable que el aseguramiento se solicite en tiempo oportuno ante la misma corte que pronunció la sentencia.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. B. Guerra.*

El juez demandado no compareció.

Abogado de la parte contraria: *Sr. J. Soto Rivera.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte Municipal de San Juan

por Generoso Flores contra The Specialty Shop for Automobiles, sobre rescisión de contrato, obtuvo el demandante sentencia a su favor y contra ella interpuso el demandado recurso de apelación para ante la Corte de Distrito de San Juan, Sección Primera, habiéndose radicado la transcripción de autos en la secretaría de dicha corte.

El demandante apelado solicitó en la corte de distrito embargo sobre bienes del demandado, sin prestación de fianza, para asegurar la efectividad de la sentencia obtenida a su favor en la Corte Municipal de San Juan, y de acuerdo con lo solicitado la corte de distrito por orden de 22 de enero de 1921 decretó el embargo pedido sin necesidad de prestación de fianza.

La demandada apelante presentó entonces moción para que fuera anulada la expresada orden, por el fundamento de que estando sujeta a apelación la sentencia de la corte municipal no existía en la corte de distrito sentencia alguna que sostuviera un embargo sin prestación de fianza. La corte denegó la moción de nulidad por orden de 11 de febrero de 1921.

Contra los procedimientos de la Corte de Distrito de San Juan, Sección Primera, ha venido a esta Corte Suprema en recurso de *certiorari* la representación de The Specialty Shop for Automobiles, solicitando la revisión de los mismos. El auto fué expedido y la vista del recurso tuvo lugar con asistencia de los abogados del peticionario y del opositor Generoso Flores.

La única cuestión a considerar y resolver es si la ley para asegurar la efectividad de las sentencias, tal como quedó enmendada por la Ley No. 27 de 13 de abril de 1916, autoriza un aseguramiento de sentencia sin prestación de fianza en un caso como el presente.

La sección primera de la Ley No. 27 que dejamos citada dice así:

"Ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda y de la solicitud de aseguramiento. La solicitud de aseguramiento podrá presentarse con la demanda o luego de interpuesta, en cualquier período del juicio, antes o después de la sentencia. Si el aseguramiento se solitare después de pronunciada sentencia no se exigirá fianza."

Examinemos la sección transcrita en relación con la ley para reglamentar las apelaciones contra sentencias de las cortes municipales, aprobada en marzo 11, 1908. Interpretando esa ley en el caso de *Gelabert Hermanos v. Córdova,* 17 D. P. R. 1,200, dijimos:

"Apelada la sentencia de la corte municipal para la de distrito, formalizado el recurso y señalado día para la celebración del nuevo juicio ante la corte apelada, aquella sentencia dejó de tener por ministerio de la ley valor y eficacia alguna. No cabía revocarla, modificarla o confirmarla, sino que era necesario que el nuevo juicio terminara por nueva sentencia. La mera desestimación del recurso no podía dejar subsistente una sentencia que ya no tenía vida legal.

"En los juicios que *de novo* se celebran ante las cortes de distrito a virtud de recurso de apelación interpuesto contra sentencia de las cortes municipales, no hay propiamente partes apelante y apelada, sino partes demandante y demandada, y por tanto no cabe invocar como aplicables aquellos preceptos que regulan las apelaciones que han de resolverse sobre los mismos méritos que sirvieron de base a la sentencia apelada."

En el presente caso fué radicada la transcripción en la corte de distrito por el demandado apelante y la corte tenía que resolverlo por nueva sentencia. La sentencia de la corte municipal había dejado de tener valor y eficacia alguna. Siendo ello así no es de aplicación el precepto de que "si el aseguramiento de sentencia se solicitare después de pronunciada sentencia no se exigirá fianza."

Y no puede regular el presente caso la doctrina establecida en el caso de *Lorenzo Isern & Cía. v. Cuevas Zequeira, Juez de Distrito,* 24 D. P. R. 275, en que dijimos:

"De acuerdo con la sección 2 de la ley para reglamentar las ape-

laciones contra sentencias de las cortes municipales en pleitos civiles, de 1908, la presentación del escrito de apelación en la forma que prescribe la sección primera de dicha ley, tendrá el efecto de suspender la ejecución de la sentencia. La sentencia, de acuerdo con la ley, queda meramente suspendida pero no anulada por virtud de la apelación que contra ella se interponga. Si se declara después que la apelación no se prosiguió debidamente, la suspensión desaparece y la sentencia apelada recobra su propia virtualidad.''

En el caso de *Lorenzo Isern y Cía.* v. *Cuevas Zequeira,* el caso no había sido radicado en la Corte de Distrito, mientras que en el presente tuvo lugar la radicación, siendo por tanto distintos.

Aún más, atendido el texto de la sección primera de la Ley No. 27 de 13 de abril de 1916, nos inclinamos a creer que para que el aseguramiento solicitado después de pronunciada sentencia pueda decretarse sin fianza es requisito indispensable que el aseguramiento se solicite en tiempo oportuno ante la misma corte que pronunció la sentencia, aunque basamos nuestra decisión en la doctrina expuesta de no haber ante la corte de distrito sentencia alguna que pueda servir de base al aseguramiento sin prestación de fianza, por ser esa la teoría en que el peticionario funda su recurso.

Procede anular las órdenes de la Corte de Distrito de San Juan, Sección Primera, de 22 de enero de 1921 y 11 de febrero siguiente, comunicándose a la referida corte para que proceda de conformidad con los principios establecidos en esta opinión.

*Anuladas las órdenes de la corte inferior de fechas enero 22 y febrero 11, 1921.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.