LEONCIA BOYRIÉ VÁZQUEZ DE SILVA, asistida de su esposo DOMINGO SILVA, y JUAN BOYRIÉ VÁZQUEZ, demandantes y apelados, *v.* FERNANDA MARIÑO, FRANCISCO DE DIEGO y el portador de obligaciones garantizadas con hipoteca, JOHN y RICHARD DOE, demandados y apelantes.

Núm. 8158.—*Sometido:* Marzo 13, 1941. *Resuelto:* Marzo 19, 1941.

*José J. Aponte, Ubaldo Aponte* y *José C. Aponte,* abogados de la apelante; *Pedro E. Anglade,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Los demandantes, Leoncia y Juan Boyrié Vázquez, fueron declarados hijos naturales reconocidos de Cándido de los Santos Boyrié, por sentencia de este tribunal de 24 de marzo de 1938 dictada en el caso de *Vázquez* v. *Sucesión Boyrié*, 52 D.P.R. 856, y el 2 de febrero de 1939 radicaron en la corte inferior una demanda sobre "reclamación de herencia y nulidad de actuaciones", en la que, entre otras cosas, alegan que los bienes relictos por su padre habían producido desde su fallecimiento el 10 de junio de 1929, la cantidad de $23,707.70, y que les pertenece la mitad de dicha suma, o sea $11,853.85. Para asegurar la efectividad de la sentencia, solamente en cuanto a la cantidad de $11,853.85 reclamados por concepto de frutos producidos o debidos producir por los bienes hereditarios desde el fallecimiento del causante, los demandantes radicaron una moción solicitando el embargo de bienes de la demandada, la que luego de exponer los hechos ya reseñados, termina con la siguiente súplica:

"Por todo lo que respetuosamente solicitamos de este Hon. Tribunal que...ordene que por el márshal de esta corte de distrito se proceda a embargar y se embarguen, sin prestación de fianza por los demandantes, *bienes de la propiedad de la demandada,* en cantidad suficiente a cubrir la suma de $11,853.85, más las costas, gastos, desembolsos y honorarios de abogado, y ordene además al márshal... *proceda a embargar y embargue además los cánones de alquiler y arrendamiento de los bienes que se describen en la demanda, de modo que se cubra el importe de $11,853.85 con sus intereses legales a partir de la respectiva fecha en que dichos pagos fueren hechos a la demandada;* solicitando además de V. H. designe depositario de los bienes inmuebles embargados, o sea de los cánones de arrendamiento que se vencieren en lo sucesivo, al márshal de esta corte para que perciba los mismos y queden depositados bajo su guarda y custodia hasta la definitiva terminación de este caso." (Bastardillas nuestras.)

De acuerdo con la moción de aseguramiento de sentencia, lo que tratan de asegurar los demandantes es la reclamación

de $11,853.85, con sus intereses, y para ello solicitan el embargo de bienes de la demandada—que según la demanda es viuda del causante—y las rentas de los bienes que alegan pertenecen a la herencia. La orden de aseguramiento dispuso:

"...que por el márshal del tribunal se proceda a embargar y se embarguen *bienes de la propiedad de la demandada Fernanda Mariño en cantidad suficiente a cubrir la suma de $11,853.85,* más los intereses al 6 por ciento anual a partir del respectivo pago, más las costas, gastos y honorarios de abogado, ordenándose además.... *se embarguen las rentas que producen las fincas que se describen en la demanda según vayan venciendo en lo sucesivo,* depositando su importe a su nombre en un banco de la localidad hasta ulterior orden del tribunal; *todo ello sin previa prestación de fianza por los demandantes, porque su derecho a reclamar su herencia aparece de la sentencia dictada por la Corte Suprema de Puerto Rico en el caso de Vázquez v. Boyrié,* 52 D.P.R. 856." (Bastardillas nuestras.)

Los bienes señalados al márshal para ser embargados fueron los 13 inmuebles descritos en la demanda como pertenecientes al caudal hereditario.

El 23 del mismo mes la demandada Fernanda Mariño radicó una moción atacando la validez del embargo: (1) por haberse decretado sin prestación de fianza, no constando claramente en documento auténtico la exigibilidad de la obligación reclamada; (2) porque habiéndose embargado inmuebles, del diligenciamiento del márshal no aparece que dicho embargo se haya anotado en el registro de la propiedad; y (3) porque tampoco aparece de dicho diligenciamiento que la demandada Mariño haya sido notificada del citado embargo. Previa la correspondiente audiencia, se desestimó la moción de la demandada, concediéndose a los demandantes un plazo de 10 días para la anotación del embargo en el registro de la propiedad. Contra esa resolución interpuso la demandada Mariño el presente recurso.

██ La ley reconoce al que demanda el cumplimiento de una obligación, el derecho de obtener del tribunal una resolución adoptando las medidas procedentes para asegurar la

efectividad de la sentencia que haya de dictarse en caso de prosperar la acción ejercitada. El ejercicio de este derecho puede, con toda probabilidad, perjudicar al demandado, dueño de los bienes embargados, si en definitiva resulta que el demandante no tenía derecho a exigir la obligación reclamada. Claro es que cuando la exigibilidad de la obligación consta claramente en documento auténtico, difícilmente se perjudica al demandado, pues esa evidencia raras veces puede ser controvertida. De ahí que, al constar la exigibilidad de la obligación en documento auténtico, al igual que cuando el aseguramiento se solicita después de dictada sentencia a favor del demandante, no se exija la prestación de fianza. Ahora bien, ¿consta claramente en documento auténtico la exigibilidad de los $11,853.85 que por concepto de frutos producidos reclaman los demandantes? El único documento auténtico que ante sí tuvo el juez inferior fué, como hemos visto, una sentencia de este tribunal por la que se declaró a los demandantes hijos naturales reconocidos del causante de la herencia reclamada. Sin duda, de ese documento auténtico consta claramente el derecho de los demandantes a reclamar su participación *en la herencia que pudiera haber dejado su padre;* pero de los términos de dicha sentencia de filiación no consta en forma alguna que existan tales bienes y mucho menos que hayan producido frutos percibidos por la demandada en la cantidad de $11,853.85 por ellos indicada, ni en ninguna otra.

Es verdad que en la demanda, que ha sido jurada, se describen trece inmuebles como pertenecientes a la herencia, pero ése no es el documento auténtico que contempla la ley, pues si así fuere, bastaría jurar la demanda para que un demandante pudiese obtener el aseguramiento de la sentencia sin prestación de fianza.

Si además de la aludida sentencia, el juez inferior hubiese tenido ante sí la prueba auténtica del fallecimiento del causante y una certificación del registro de la propiedad acreditativa de que existen o existían a su fallecimiento bienes

pertenecientes a la herencia, estos documentos hubieran bastado para que la corte inferior pudiese dictar una orden de embargo sin fianza para asegurar la participación de los demandantes en los frutos o rentas que dichos bienes produjesen a partir de la fecha de la orden de aseguramiento, embargando dichas rentas o frutos según fuesen venciendo o produciéndose en lo sucesivo. También hubieran podido, presentando dichos documentos, asegurar mediante embargo sus derechos sobre los bienes de la herencia, aunque esto hubieran podido hacerlo más fácilmente anotando su demanda en el registro de la propiedad; pero no podrían en forma o manera alguna asegurar sin prestación de fianza los $11,853.85 con sus intereses, que por concepto de frutos producidos o debidos producir, reclaman en esta demanda, aunque se presentasen al juez los tres documentos aludidos, sencillamente porque la exigibilidad de esa suma no consta de la sentencia de filiación ni podría constar de los otros dos documentos ya indicados. La certeza y cuantía de dicha suma, por haber sido anteriormente percibida por la demandada desde hace algún tiempo—como se alega por los demandantes—sería muy difícil de determinar, dependiendo de datos y liquidaciones que no constan en forma auténtica, contrario a lo que sucede con las rentas y productos que se devenguen a partir de la orden de embargo, que por ser recientes, son de fácil identificación.

La cuestión no es nueva en esta jurisdicción. En el caso de *Roig* v. *Landráu,* 29 D.P.R. 315, 316, este tribunal, por voz de su entonces Juez Asociado Sr. Del Toro, se expresó en los siguientes términos:.

"A nuestro juicio la corte de distrito interpretó rectamente la sección 4 de la ley para asegurar la efectividad de sentencias de 1902, que dispone que si consta claramente en documento auténtico que la obligación es exigible, el tribunal decretará el aseguramiento sin fianza y que en cualquier otro caso exigirá fianza para decretarlo.

"Es verdad que el contrato celebrado se hizo constar en un documento público, pero la cantidad reclamada si bien emana de o tiene su base en dicho contrato, depende de datos, cálculos y liquidaciones

que no constan en forma auténtica alguna. Y siendo ello así, la aplicación de la ley hecha finalmente por la corte de distrito, se ajusta a su espíritu. De otro modo sería suficiente que la base de una obligación cuyo desarrollo y extensión dependiera de hechos ulteriores, constara en escritura pública, para decretar sin fianza el embargo de bienes del obligado por una cuantía que dependería de la simple alegación, ni siquiera jurada, como en este caso, del demandante.''

La conclusión a que hemos llegado nos releva de la necesidad de discutir los otros dos errores señalados por la apelante.

*Procede, por lo expuesto, revocar la resolución apelada y declarar nula la orden de embargo en este caso dictada, entendiéndose nula también cualquier otra actuación que derive su validez de la ameritada orden.*