GERSON BLATT y BARTON S. UDELL h/n/c BLATT & UDELL, una sociedad profesional, demandantes y recurridos, *v.* CORE CELL CORPORATION y MILTON FISHER, demandados; PANELFAB INTERNATIONAL CORP. y PANELFAB PUERTO RICO, INC., interventoras y peticionarias.

*Número:* O-79-158    *Resuelto:* 30 de junio de 1980

*Hartzell, Ydrach, Mellado, Santiago & Pérez,* abogados de las interventoras y peticionarias; *E. L. Belén Trujillo,* abogado de la recurrida.

PER CURIAM: Mediante sentencia obtenida por estipulación de las partes, un tribunal del Estado de Florida ordenó a la Core Cell Corporation, corporación organizada bajo las leyes de Puerto Rico, a pagar a los abogados Blatt & Udell la suma de $69,000 por servicios legales prestádosle. Subsiguientemente, los acreedores presentaron demanda en el Tribunal Superior de Puerto Rico para el cobro de dicha senten-

cia y obtuvieron embargo preventivo sin la prestación de fianza.

Oportunamente, Panelfab International Corporation y Panelfab P.R., Inc., presentaron solicitud de intervención alegando ser dueños de algunos de los bienes embargados. Los demandantes se opusieron a dicha intervención alegando identidad entre la demandada y las interventoras y el traspaso de activos por Core Cell a las interventoras para defraudarlas en el cobro de la sentencia. Las interventoras levantaron el embargo mediante la prestación de una fianza de $75,000 que el tribunal fijó para satisfacer la sentencia que, en su día, pudiera recaer a favor de los demandantes, si éstos llegasen a establecer la existencia de las alegadas relaciones entre la demandada y las interventoras.

Dos años después, las interventoras solicitaron que se anulara el embargo por haberse trabado el mismo sin la previa prestación de fianza. El tribunal denegó dicha solicitud sosteniendo que esa cuestión fue adjudicada en una vista previa celebrada ante otro juez. Hemos examinado la minuta de esa vista y la transcripción de los incidentes discutidos en la misma, y nada aparece que sostenga que se discutió la fianza como condición previa al embargo.

Resolvemos que no procede la nulidad del embargo, pero que, bajo las circunstancias del presente caso, el tribunal recurrido debió fijar fianza en suma suficiente para responder de los daños que dicho embargo pudiera ocasionar y, en su consecuencia, procede devolver el caso para la fijación y prestación de dicha fianza.

La Regla 56.3 de las de Procedimiento Civil de 1958, vigente al trabarse el embargo, en lo pertinente disponía como sigue·

Se podrá conceder un remedio provisional sin la prestación de fianza, si apareciere de documentos públicos o privados firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o si se gestionara el remedio después de sentencia. En todos los demás casos, el

tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen al demandado como consecuencia del aseguramiento. . . .

Por su parte, los Arts. 4 y 5 de la Ley para Asegurar la Efectividad de Sentencias, de 1ro. de marzo de 1902 (32 L.P.R.A. secs. 1072 y 1073) también vigente al momento de trabarse el embargo, (¹) proveían para la exención de fianza cuando constaba claramente en "documento auténtico" que la obligación era exigible, entendiéndose por documento auténtico, entre otros, "documentos públicos". En *Boyrié* v. *Mariño*, 58 D.P.R. 285, 288 (1941), reconocimos que una sentencia era un documento auténtico bajo dicha ley.

El Art. 426 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1798, dispone que "El efecto de un auto judicial registrado, de un Estado de la Unión es el mismo en Puerto Rico que en el Estado en que se hubiere dictado, excepto que en Puerto Rico sólo puede exigirse su cumplimiento mediante una acción o un procedimiento especial . . .".

La citada norma, que exige una acción o procedimiento especial antes de dar efecto igual a una sentencia de otro Estado, recoge el mandato constitucional que obliga a los Estados a dar entera fe y crédito a las sentencias de otros Estados. *Lichtig* v. *Lichtig*, 81 D.P.R. 737, 744, escolio 5 (1960). Ese mandato no impide que pueda exigirse acción previa, como exige el citado Art. 426, para la ejecución de sentencias de otros estados. *Riley* v. *New York Trust Co.*, 315 U.S. 343, 349 (1942).

Hemos expresado que ". . . cuando la exigibilidad de la obligación consta claramente en documento auténtico, difícilmente se perjudica al demandado, pues esa evidencia raras veces puede ser controvertida. De ahí que, al constar la exigibilidad de la obligación en documento auténtico, al igual

---

(¹) Derogada por la Regla 72 de las de Procedimiento Civil de 1979. Sobre su vigencia anterior, véanse *Vda. de Galindo* v. *Cano*, 108 D.P.R. 277 (1979) y *Frigorífico M. H. Ortiz* v. *Quiles*, 101 D.P.R. 676, 683 (1973).

que cuando el aseguramiento se solicita después de dictada sentencia a favor del demandante, no se exija la prestación de fianza". *Boyrié* v. *Mariño*, supra.

■ El propósito de la fianza es garantizar que puedan recobrarse los daños cuando exista la posibilidad de que el embargo pueda resultar ilegal o indebido. Atendido ese fin, es preciso establecer un balance adecuado entre las posibilidades de triunfo del demandante y las posibilidades de que el embargo resulte improcedente y cause daños que no puedan recobrarse. Por ser los demandantes personas no residentes en Puerto Rico, si el embargo resulta improcedente, podría resultar difícil para los demandados o para los interventores recobrar de esos no residentes los daños ocasionados por dicho embargo, a menos que se preste fianza para asegurar su recobro.

■ Bajo la vigente Regla 56.3, la fianza responde a cualquier persona que sufra daños. Dicha regla vigente sería la aplicable, si se reclamaren daños por el embargo trabado en el presente caso. Bajo la Regla 56.3 derogada, habíamos intimado que un tercerista podía repetir contra la fianza. *Rona Electric Co.* v. *Garriga*, 99 D.P.R. 942, 947 y ss. (1971).

■ En casos de demandantes no residentes, como en el presente caso, la fianza para responder de daños ocasionados por embargos debe considerarse mandatoria, al igual que lo es la fianza que la Regla 69.5 exige a demandantes no residentes, para responder de costas, gastos y honorarios de abogado.([2]) Damos entera fe y crédito a la sentencia del tribunal de Florida, pero, a la vez, por tratarse de demandantes no residentes, damos la protección necesaria a los demandados. Igual lo haríamos con una sentencia de cualquier otro estado o país. La mera protección que provee la fianza, en

---

([2]) En el presente caso tampoco se exigió a los demandantes esa fianza mandatoria de la Regla 69.5.

modo alguno pone en tela de juicio los méritos de la sentencia en cuestión.

Ante las anteriores consideraciones, *estimamos que se cumplen mejor los fines de la justicia devolviendo el caso al tribunal de instancia para que fije la fianza que corresponda en el presente caso.* Ningún fin práctico resultaría de decretar la nulidad del embargo en el presente caso, cuya nulidad podría, por el contrario, hacer posible que los bienes embargados no puedan ser recuperados para ejecutar la sentencia que, en su día, pueda recaer a favor de la parte aquí demandante.

El Juez Presidente Señor Trías Monge no intervino. El Juez Asociado Señor Negrón García emitió opinión concurrente.

—O—

Opinión concurrente del Juez Asociado Señor Negrón García.

No es tautología recordar que en materia de hermenéutica jurídica el derecho es vivo y dinámico. Por ende, al interpretar toda disposición legal no debemos hacerlo con abstracción de su desarrollo, razón o motivos. Es con este exordio en mente que expresamos nuestro parecer separadamente.

I

Ciertamente, "se cumplen mejor los fines de la justicia" en este caso, devolviéndolo a instancia para que se exija la prestación de una fianza. Sin embargo, los senderos seguidos en la opinión del Tribunal pueden comunicar la impresión equivocada de que bajo la Regla 56.3 vigente y su antecesora en las de 1958, la imposición de la fianza es una determinación discrecional en *todos* los casos.

A nuestro juicio, invita a dicho error la conclusión a que se llega citándose a *Boyrié v. Mariño*, 58 D.P.R. 285 (1941), a saber, que una sentencia es documento auténtico y, por ende, lo es también la envuelta en el caso de autos. Basado en

dicho razonamiento, se aplica a una sentencia dictada en *otro* estado la excepción de documento auténtico contenida en la Regla 56.3. Al afirmarse a renglón seguido y sin cualificar que el "propósito de la fianza es garantizar que puedan recobrarse los daños cuando exista la posibilidad de que el embargo pueda resultar ilegal o indebido", y que "Atendido ese fin, es preciso establecer un balance adecuado sobre las posibilidades de triunfo [de las partes]", se está insuflando a la determinación de conceder o no el remedio provisional sin fianza —en casos en que se presentan documentos auténticos— *el elemento de la discreción.* Ello queda corroborado en la expresión del Tribunal en el sentido de que la fianza para embargos solicitados por demandantes no residentes debe ser *mandatoria.* Se implica, por lo tanto, que en casos de documentos auténticos hay discreción para conceder o no la fianza, pero que no existe tal discreción si los demandantes no son residentes.

No negamos facultad judicial para el examen y rechazo fundado de los documentos presentados en apoyo del relevo de la fianza, mas no queda al arbitrio de los tribunales de instancia el exigirla cuando las obligaciones constaren clara y fehacientemente en documentos tales como pagarés autorizados o sentencias. Afirmar lo contrario desatendería a la evolución y sustancia de la regla y al espíritu que la anima. Tiende, además, a obstaculizar que se viabilice un proceso justo, rápido y económico. Nos explicamos.

## II

Al examinar los antecedentes históricos de esta regla, advertimos que, con posterioridad al año 1916, en nuestra jurisdicción el ordenamiento procesal siempre ha eximido de prestación de fianza a la parte que intenta obtener el aseguramiento de la efectividad de una sentencia en las siguientes circunstancias: (a) "si . . . se solicitare después de pronunciada sentencia" y (b) si constare "claramente en documento

auténtico que la obligación es exigible". Este lenguaje correspondiente a los Arts. 4 y 5 de la Ley para Asegurar la Efectividad de Sentencia, de 1ro de marzo de 1902, de inventiva local, no ofrecía duda alguna ni daba margen para inferir que ello exigiera uso de discernimiento judicial en las situaciones expresadas, 32 L.P.R.A. secs. 1071 y 1072; *The Specialty Shop for Automobiles* v. *Benítez Flores*, 29 D.P.R. 265 (1921). Este estado de derecho continuó inalterado y reafirmado subsiguientemente en innumerables casos y situaciones. (¹)

Al aprobarse las Reglas de Procedimiento Civil de *1958* el texto original de la 56.3, en lo pertinente rezaba:

Se podrá conceder un remedio provisional sin la prestación de fianza, si apareciere de documentos públicos o privados, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, *o que la parte promo-*

---

(¹) *Polanco* v. *Goffinet et al.*, 26 D.P.R. 323, 328 (1918) —se afirma la ley que libera al solicitante de prestación de fianza; *Bonilla* v. *Santiago*, 30 D.P.R. 246, 247-248 (1922) —se exime de fianza ante pagaré notarizado; *Fabelo, Tutora, etc.* v. *Quintana Reyes*, 47 D.P.R. 71, 73-74 (1934) —reconoce sentencia de Puerto Rico como documento auténtico exento de fianza; *Blanco Fresno & Cía., S. en C.* v. *Royal Ins. Co.*, 47 D.P.R. 277, 279-280 (1934) —reitera que "la intención de la legislatura quedó así claramente consignada al efecto de que después de sentencia podía obtenerse un embargo sin fianza" y se indica que una sentencia es un documento auténtico; *Pérez* v. *The National Surety Co.*, 53 D.P.R. 501, 505 (1938) —resuelve que el documento auténtico contentivo de que la obligación es exigible se refiere al "título o documento que tenga aparejada ejecución" en la Ley de Enjuiciamiento Civil Española tales como ". . . escrituras notariales, documentos privados reconocidos bajo juramento ante un juez competente o una deuda confesada ante él, letras de cambio bajo circunstancias específicas, obligaciones vencidas pagaderas al portador. . . ."; *Boyrié* v. *Mariño*, 58 D.P.R. 285, 288 (1941) —se indica que no se exige prestación de fianza si la obligación consta en documento auténtico o se solicita después de dictada la sentencia; *Marty* v. *Ramírez*, 73 D.P.R. 165, 170 (1952) —relevo de fianza si obligación está autenticada y es exigible; *Domínguez Talavera* v. *Tribunal Superior*, 102 D.P.R. 423, 426 (1974) —". . . la Regla 56.3 exige fianza al demandante o evidencia documental demostrativa de la legitimidad de su reclamación . . . ."; y *Fresh-O-Baking Co.* v. *Molinos de P.R.*, 103 D.P.R. 509, 519 (1975) —". . . en caso de reclamaciones no evidenciadas por documentos públicos o privados debidamente autenticados o por sentencia judicial, exige la prestación de una fianza para garantizar posibles daños y perjuicios . . .".

*vente evidentemente ha de prevalecer,* o si se gestionare el remedio después de la sentencia. (Énfasis nuestro.)

Esta redacción contemplaba las dos instancias en las cuales, hasta entonces, se prescindía de la fianza —si la obligación aparecía en documento auténtico o surgía de una sentencia—, pero añadía una más, *de naturaleza y género discrecional,* a saber, que el tribunal estimara "que la parte promovente evidentemente ha de prevalecer". Ello explica el porqué al inicio de la oración se concibiera un lenguaje de tipo permisible, "se podrá", que tiende a dar la errónea impresión de que en todo supuesto la fijación de fianza es una decisión de índole discrecional. Aparte de ello, repetimos, la regla no experimentó variantes:

*No hay cambios en cuanto a la norma general en cuanto a la fianza.* Se conserva la situación del requisito de fianza igual que existe en la actualidad, al efecto de que no se concederá remedio, naturalmente, sin previa fianza. *Como excepciones a este requisito de prestación de fianza, se conservan las vigentes, es decir, (1) cuando se solicita aseguramiento después de dictada sentencia final, y (2) cuando consta en documento auténtico la exigibilidad de la obligación.* Pero se añade un caso en que se concede el aseguramiento sin fianza en una situación que no es permisible, en la actualidad, bajo el derecho vigente. Es este caso: la regla dispone que se podrá conceder un remedio provisional sin la prestación de fianza si apareciere de documento público o privado firmado ante una persona autorizada para administrar juramentos que la parte promovente evidentemente ha de prevalecer. Ponsa Feliú, *Comentarios sobre las Nuevas Reglas de Procedimiento Civil,* Col. de Abogados de P.R., pág. 18 (1958). (Énfasis nuestro.)

Este texto permaneció inalterado en las Reglas de 1958 hasta que en virtud de nuestra Resolución de 24 de enero de 1961, por vía de enmienda, eliminamos la frase "o que la parte promovente evidentemente ha de prevalecer". El Comité de Procedimiento Civil explicó así el fundamento de tal modificación:

La supresión de la frase "o que la parte promovente evidentemente ha de prevalecer" conlleva la finalidad de impedir que el juez tenga que prejuzgar los méritos del litigio ante el simple trámite del aseguramiento de sentencia. *Conferencia Judicial de Puerto Rico, Memoria de la Primera Sesión Plenaria,* 1958, pág. 37.

En consecuencia, se eliminó de la Regla 56.3 el único supuesto para el cual era menester el ejercicio de discreción judicial; no obstante, inadvertidamente se mantuvieron las palabras introductorias primitivas "se podrá".

Con el advenimiento de las nuevas Reglas de Procedimiento Civil (1979), aprobamos nuevamente tales palabras. Aunque no fuera la más feliz redacción, se justificaba, pues, que a las situaciones clásicas en que automáticamente quedaba liberada la parte actora de tener que prestar fianza, añadiéramos, como otra excepción, las reclamaciones del litigante pobre, si concurrían ciertas circunstancias que serían apreciadas discrecionalmente por el tribunal. Es en este contexto que deben leerse los comentarios que al margen de la Regla actual, como parte de su historial, aparecen. La referencia a ejercer "con celo y buen juicio su discreción judicial" al eximir de fianza, es en torno a esta nueva modalidad *in forma pauperis.*

Hemos de reconocer que en la jurisprudencia de principios de siglo se inclinaban a ver el uso del verbo "podrá" ([2]) en contraste con "deberá", como que denotaba indefectiblemente discreción y no mandato. *Sucesión Chavier* v. *Sucesión Giráldez,* 15 D.P.R. 154, 162 (1909); *Cabassa* v. *Bravo,* 21 D.P.R. 185, 186 (1914). Sin embargo, con el transcurso de los años, al alejarnos de la mística de las palabras y apreciar el derecho como un fenómeno cambiante, comenzamos a darle

---

([2]) Proviene de *poder,* de raíz latina *potere,* cuya acepción tradicional usada en los textos legales significa "Tener expeditas la facultad o potencia de hacer una cosa". *Diccionario de la Lengua Española,* 19na ed., 1970, pág. 1042.

mayor peso a la sustancia que a la forma. Así, "[a]l interpretar estatutos en ocasiones hemos decidido que los términos como 'deberá' pueden leerse como 'podrá', haciendo así directivo lo que aparentemente es mandatorio; pero siempre se ha hecho para conformar el lenguaje del estatuto con el propósito legislativo". *Srio. de Justicia* v. *Tribunal Superior*, 95 D.P.R. 158, 161 (1967). Y viceversa, "[b]ajo conocidas normas de hermenéutica, términos permisibles en un estatuto como 'podrá' a veces cabe interpretarlos mandatoriamente, pero de ordinario ello es así cuando el fin o propósito principal del estatuto es que se haga aquello que permite". *Espasas Dairy, Inc.* v. *J.S.M.*, 94 D.P.R. 816 (1967), reconsiderado en 96 D.P.R. 816 (1969). Con visión de la trayectoria histórica y propósitos de la Regla 56.3, leída integralmente y en conjunción con la totalidad de su texto, opinamos, en síntesis, que no es exigible la prestación de una fianza para garantizar posibles daños para obtener remedios provisionales, cuando la obligación en que se funda la causa de acción del reclamante refleja que es legalmente exigible por surgir de: (a) documentos públicos o privados autenticados, y (b) una sentencia dictada en Puerto Rico.

La idea central que palpita en dicha regla es que la dispensa de la fianza es con respecto a sentencias dictadas en Puerto Rico y no originadas en otras jurisdicciones.

### III

Aclarado lo anterior, optamos por seguir otro rumbo para evaluar la eficacia que tiene en Puerto Rico una sentencia de una corte del Estado de Florida dictada a favor de la demandante-recurrida, Blatt & Udell, sociedad no residente, a los fines de obtener un embargo preventivo.

El Art. 426 del Código de Enjuiciamiento Civil dispone:

El efecto de un auto judicial registrado, de un Estado de la Unión *es el mismo en Puerto Rico* que en el Estado en que se hubiere dictado, *excepto que en Puerto Rico sólo puede exigirse*

*su cumplimiento mediante una acción o un procedimiento especial. ...* (Énfasis nuestro.)

En virtud de este precepto, resulta incuestionable que la referida sentencia posee determinados efectos evidenciarios, *análogos a un dictamen del foro judicial puertorriqueño.* En este sentido, como documento público judicial, por interacción de los Arts. 421, 422 y 423 del citado Código, 32 L.P.R.A. secs. 1793, 1794 y 1795, dicho fallo, en síntesis, goza de una presunción, aunque debatible, de corrección y cosa juzgada. No obstante, no es auto-ejecutable en nuestra jurisdicción, sino que precisa de una sentencia, previa radicación de una causa, como acción independiente, tramitada conforme el procedimiento civil doméstico vigente.

El que tal sentencia no sea auto-ejecutable es la clave. En consecuencia, consideramos justo y jurídicamente correcto exigirle a Blatt & Udell, como paso anterior al embargo, una fianza bajo la Regla 56.3 de las de Procedimiento Civil.

Finalmente, la doctrina prevaleciente es al efecto de que un embargo ejecutado sin fianza es nulo. Únicamente a base de que la decisión de hoy tiene efectos prospectivos, podemos coincidir con el criterio del Tribunal.